JESÚS MARÍA ROSSY, demandante y apelante, *v.* RAFAEL DEL VALLE ZENO, demandado y apelado.

No. 5547.—*Sometido:* Enero 12, 1931.—*Resuelto:* Enero 16, 1931.

*E. Díaz Viera y Jesús M. Rossy,* abogados del apelante; *M. Acosta Velarde,* abogado del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Durante la celebración del juicio en este caso, después de declarar sin lugar una excepción previa a la demanda, la corte de distrito, a instancia oral del demandado, ordenó que se eliminaran ciertos párrafos de la aludida demanda. El demandante mismo eliminó ciertos párrafos adicionales de la demanda. Bajo estas condiciones, la corte dictó sentencia a favor del demandado, prácticamente, según entendemos, sobre las alegaciones tal como aparecían en aquel entonces. El demandante sostiene que los párrafos así eliminados por la corte lo dejaron sin causa de acción. El demandado solicita la desestimación del recurso fundándose en que la transcripción de autos no ha sido radicada en este Tribunal dentro de treinta días de haberse archivado el escrito de apelación.

En la sentencia de la corte inferior aparece la aseveración de que la corte consideró que su actuación aparecía del récord. El apelante alega en su oposición a la moción para desestimar que las actuaciones de las partes y de la corte sólo constan en las notas taquigráficas. El apelante solicitó de la corte que le permitiera transcribir dichas notas, y la corte accedió, como si se tratara substancialmente de la incorporación de la prueba, conforme dispone la ley No. 27 de 1917, según fué enmendada por la No. 21 de 1919.

Tenemos la idea de que hubiese sido mejor, de no ser absolutamente necesario, que la moción eliminatoria fuera presentada por escrito y radicada durante la vista del caso, y que la corte igualmente escribiera y archivara una resolución eliminando determinados particulares de la demanda. En una corte de récord, el estado de las alegaciones debe aparecer del legajo de la sentencia mismo, y no de las notas del taquígrafo.

Sin embargo, bajo la ley de marzo 10, 1904, se exige a los taquígrafos que transcriban todos los procedimientos orales,

y que una copia de tal récord constituya *prima facie* las minutas de la corte.

Si se presta atención a la interpretación literal de la ley, la transcripción debió haber sido radicada en este Tribunal dentro de treinta días, según se ha indicado. Quizá hubiera sido mejor que el apelante solicitara una prórroga para completar la transcripción. Como a causa de la actitud asumida por la corte se precisa la transcripción taquigráfica para completar el legajo de la sentencia, haremos uso de nuestra discreción declarando sin lugar la moción para desestimar y concediendo al apelante diez días, a partir de la fecha en que se apruebe la transcripción taquigráfica, para radicar la transcripción en esta Corte.

El Juez Asociado Señor Texidor no intervino.