Jesús María Rossy, demandante y apelante, *v.* Rafael del Valle Zeno, demandado y apelado.

No. 5547.—*Sometido:* Diciembre 6, 1932. *Resuelto:* Julio 28, 1933.

600

*Jesús M. Rossy,* abogado del apelante; *M. Acosta Velarde,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Después de comenzado el juicio en este caso, fué presentada, no por escrito, sino oralmente, una moción para eliminar ciertos particulares de la demanda. La moción fué declarada con lugar, se concedió al demandante un término corto para enmendar, y, habiendo él dejado de hacerlo, se dictó sentencia a favor del demandado. El demandante apeló.

Otro juez de la Corte de Distrito de San Juan denegó una excepción previa a la demanda. Al presentarse una moción para eliminar, el propio demandante sostuvo que la misma equivalía a la excepción previa anteriormente formulada. Entonces la corte, fundándose en el caso de *Rivera* v. *Rivera,* 31 D. P. R. 449, resolvió que una moción de la índole de la que tenía ante sí podía presentarse en cualquier momento. El apelante mantiene que generalmente una moción para eli-

minar no es el equivalente de una alegación, según se usa ese término en el estatuto.

Al resolver una moción para desestimar el presente recurso, dijimos:

"Tenemos la idea de que hubiese sido mejor, de no ser absolutamente necesario, que la moción eliminatoria fuera presentada por escrito y radicada durante la vista del caso, y que la corte igualmente escribiera y archivara una resolución eliminando determinados particulares de la demanda. En una corte de récord, el estado de las alegaciones debe aparecer del legajo de la sentencia mismo, y no de las notas del taquígrafo." (41 D.P.R. 708.)

Suponiendo que al comenzar el juicio la corte pueda discrecionalmente oírla, en todo caso una moción para eliminar debe hacerse por escrito y formar parte del expediente. En éste debe constar toda moción controvertida. Algunas mociones eliminatorias, como las que se refieren a materia escandalosa, no son privilegiadas, y, a semejanza del procedimiento criminal a que nos hemos referido en *El Pueblo* v. *París*, 25 D.P.R. 111, no deben ser consideradas durante el juicio. Sólo en casos extraordinarios debe un demandante que está listo para juicio ser molestado con cuestiones relativas a las alegaciones. Por lo regular, a menos que sea muy clara, una excepción previa no debe ser considerada al comenzar un juicio, sino que deben aplazarse las objeciones hasta que se practique la evidencia. Pueden hacerse enmiendas en corte abierta o quedar subsanados defectos de la demanda, según se expresa en el caso de *El Pueblo* v. *Sucesión Valdés*, 31 D.P.R. 223, y los que lo han seguido. Si el demandado tiene una objeción válida, puede hacerla regularmente antes del juicio.

La corte concedió al demandante algunas horas para enmendar. Teniendo en cuenta la naturaleza fundamental de la moción para eliminar presentada, y el hecho de que una excepción previa había sido declarada sin lugar, la corte debió haber sido más liberal.

Los méritos son comparativamente sencillos. Esta-

mos contestes en que en general una parte no tiene derecho a indemnización por haberse visto envuelta en dificultades con motivo de litigios y por haber tenido que iniciar pleitos o defenderse de ellos. *Leary* v. *Murray,* 21 Am. & Eng. Ann. Cas. 868 y nota; *Muldoon* v. *Rickey,* 103 Pa. St. 110; *Kolka* v. *Jones,* 71 N.W. 558; 1 C.J. 967. Convenimos, sin embargo, con el apelante en que los perjuicios alegados procedían de otras causas. En este caso el demandante estuvo privado de la posesión de su propiedad a causa de haberse el demandado negado a entregarla. Los hechos pueden verse parcialmente en *Rossy* v. *del Valle,* 37 D.P.R. 380. Los procedimientos posteriores eran meros incidentes de la falta de entrega.

Bajo estas circunstancias, según demuestra la jurisprudencia (*Lewis* v. *Welch* W. F. & F. Co., 39 A.L.R. 383; *U. S. Fidelity & Guaranty Co.* v. *Ballard,* 99 Pac. 1018; *Pyle* v. *Western Union Tel. Co.,* 132 Pac. 990), un demandante puede obtener posesión mediante pleito de desahucio y radicar posteriormente acción de daños y perjuicios.

Los párrafos de la demanda que fueron eliminados por la corte leen así:

"(a) El demandante ha estado privado de la posesión legal de su finca desde la referida fecha de 29 de diciembre de 1925, en que se decretó el desahucio por esta corte. Y desde esa fecha, hasta el día 11 de marzo, 1929, en que el demandado del Valle fué lanzado definitivamente de la finca, el demandante ha dejado de vender mensualmente una cantidad no menor de dos mil metros de piedra, cuya venta tenía convenida con otras personas, al precio de treinta centavos por metro. Considerando la cantidad y precio de esta venta durante 38 meses, o sea, desde el 29 de diciembre de 1925, hasta el 11 de marzo de 1929, hace un total de $22,800, que el demandante ha dejado de percibir como consecuencia de los actos realizados por el demandado.

"(b) El demandado del Valle, desde el 29 de diciembre de 1925 en que se decretó por esta corte el desahucio, hasta el día en que fué lanzado definitivamente de la finca, ha poseído y ocupado, y está ocupando actualmente, una importante extensión de la misma com

máquinas, edificios, bombas para extraer agua, uso de caminos, instalaciones de luz eléctrica y otros accesorios, privando de ese modo al demandante del libre uso de su finca y ocasionándole perjuicios no menores de cien dollars mensuales, durante 43 meses transcurridos desde la fecha de la sentencia de desahucio (29 de diciembre de 1925), hasta la fecha de esta demanda, haciendo un total de $4,300.

''(c) El demandante tuvo asimismo necesidad de incurrir en gastos para la protección y vigilancia de su finca, con el propósito de defenderla de los actos de violencia que constantemente realizaba el demandado, tratando de penetrar en ella, después de la orden de desahucio que expidió esta corte y que se ejecutó en 10 de marzo de 1926, y bajo pretexto de la Orden de *Stay proceedings* expedida por la Corte de Circuito de Apelaciones de Boston, en 11 de marzo de 1926, en un procedimiento de *mandamus* que dicho demandado del Valle interpuso ante dicha Corte de Circuito, contra la decisión de la Corte Suprema de Puerto Rico de 15 de febrero de 1926, desestimando el recurso de apelación que él había interpuesto en un principio contra la sentencia decretando el desahucio a que antes se ha hecho mención. Estos gastos ascienden a la suma de seiscientos dollars.

''(d) El demandante ha tenido ofertas de diferentes personas para la compra y para arrendamiento de su referida finca, pero ni una ni otra operación ha sido posible llevar a cabo por la razón de que el demandado no la ha dejado aún a la libre disposición del demandante, sino que por el contrario la tiene aún ocupada con su planta de triturar y pulverizar piedras, con sus motores, edificios, etc., abarcando de ese modo una buena porción de ella, no obstante los plazos perentorios que esta corte le ha fijado para que verifique la total desocupación de la finca. El sitio que el demandado está ocupando todavía con su planta, es el único de la finca en donde puede instalarse ventajosamente otra planta de esa clase y por no haber desalojado el demandado esa parcela de la finca que está utilizando, el demandante, no sólo está impedido de llevar a cabo con ninguna otra persona ninguna clase de transacciones, sino que él mismo no puede explotar debidamente su cantera y obtener de ella un rendimiento mucho mayor que el que está obteniendo con la venta de piedras sin triturar a otras personas, para que sean ellas y no el demandante, las que se lucren del producto que ese negocio pudiera estarle proporcionando al demandante. Que los perjuicios que por tal motivo está experimentando el demandante, ascienden a la suma de tres mil dollars.''

Puede que haya alguna duda sobre la suficiencia del párrafo (c) en su totalidad, pero no hemos formado opinión definitiva sobre esa cuestión y debe ventilarse en juicio. No estamos convencidos de que no hayan elementos de daños en el referido párrafo. Asimismo, en la vista tuvimos alguna duda respecto a si el demandante podía recibir todo lo que reclamó como ganancias dejadas de percibir, cuando el mineral a base del cual reclamó parte de esas ganancias estaba aún en la mina.

El apelado llama la atención hacia algunas de las cuestiones a que nos hemos referido y también dice que el cobro de los cánones y de la fianza de *supersedeas* debería compensar adecuadamente los perjuicios sufridos por el demandante; en otras palabras, que el cobro de los cánones de la finca arrendada es suficiente a menos que el actor pueda probar una pérdida motivada por una baja del precio en el mercado, o algo a ese efecto. No hemos llegado a conclusión definitiva alguna con respecto a estos extremos, pero según hemos indicado antes, todo el asunto debe ser ventilado en juicio. Creemos, sin embargo, que el hecho de que el demandado tuviera en algunas ocasiones derecho a la propiedad arrendada mientras se hallaban pendientes apelaciones y otros procedimientos, no es óbice para que el demandante obtenga resarcimiento si en el análisis final el demandado no tenía derecho a retener la posesión.

En general, estamos convencidos de que debe tratarse de un caso claro para que se eliminen alegaciones de daños y perjuicios. Cuando se presenta evidencia de daños y perjuicios, el demandado puede objetarla como no compensable, como remota o por algún otro motivo. De esta manera se hace más expedita una sentencia final.

*Debe revocarse la sentencia apelada y devolverse el caso a la corte inferior para ulteriores procedimientos.*