ENRIQUE GUADALUPE GUADALUPE, por sí, y PEDRO, ROSENDO, JUANA, EMILIANO, GREGORIO y ROMÁN GUADALUPE GUADALUPE, menores representados por su Defensor Judicial, CIRILO GUADALUPE, demandantes y apelantes, *v.* JOAQUÍN L. RODRÍGUEZ y su esposa SOFÍA BERMÚDEZ, demandados y apelados.

Núm. 9281.—*Sometido:* Marzo 6, 1946.   *Resuelto:* Mayo 20, 1946.

*R. Arjona Siaca,* abogado de los apelantes; *Rafael A. Arroyo Ríos,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Los apelantes instaron esta acción reivindicatoria contra los apelados para recobrar la propiedad y posesión de cierta

finca rústica que describen en la demanda. Alegaron que eran dueños de esta finca a título de herencia de sus padres y que ni éstos ni los apelantes jamás la habían enajenado. Reclamaron, además, los frutos producidos o debidos producir. No consta la fecha en que se presentó la demanda original, pero la enmendada lo fué el 24 de mayo de 1941.

La evidencia de los apelantes tendió a probar su título sobre la finca y que la habían poseído los apelados hasta el mes de marzo o abril de 1942, en que fué expropiada por el Gobierno de los Estados Unidos, el cual la posee desde esa fecha.

La corte inferior declaró con lugar la moción de *nonsuit* presentada por los apelados y dictó sentencia desestimando la demanda por el único fundamento de que los apelados no se hallaban entonces en posesión de la finca. La cuestión a resolver en este recurso es si erró la corte inferior al declarar con lugar la moción de nonsuit y desestimar la demanda.

■■ Aceptando como cierta la evidencia de los apelantes a los efectos de la moción de nonsuit, precisa concluir que los apelados perjudicaron los derechos de los apelantes al apropiarse de su finca y de los frutos por ella producidos hasta que fué expropiada. Es verdad que la acción reivindicatoria propiamente dicha no puede prosperar cuando el demandante no prueba que el inmueble objeto del pleito se halla en posesión del demandado. ¿Pero acaso están los apelantes desprovistos de un remedio por el hecho de que la finca hubiere salido de la posesión de los apelados durante la pendencia del pleito? El art. 284 del Código de Enjuiciamiento Civil invocado por los apelantes es decisivo. Dicho precepto legal dispone:

"En un pleito para reivindicar propiedad real, si el demandante prueba que tenía derecho a la reivindicación al tiempo de interponer su demanda, pero resultare luego que su derecho se extinguió durante

el curso del pleito, el veredicto y la sentencia deben ser acordes con los hechos y el demandante podrá obtener indemnización de perjuicios por la retención de la propiedad.''

La evidencia de los apelantes no deja duda de que al tiempo de radicar el pleito, tenían ellos derecho a la reivindicación y que este derecho expiró cuando con motivo de la expropiación, *ipso facto* la acción reivindicatoria dejó de subsistir. Siendo ello así, surgió desde ese instante, a tenor del citado precepto legal, el derecho de los apelantes a obtener indemnización de los perjuicios por la retención de la propiedad, o sea el valor de la finca más el de los frutos que produjo o debió producir, si es que se probaron, desde que se incautaron de ella los apelados hasta que cesaron en su posesión. Concedemos que los apelantes no solicitaron ese remedio, pero conforme prescribe la Núm. 54(c) de las Reglas de Enjuiciamiento Civil, ''toda sentencia definitiva [que no haya sido dictada en rebeldía] concederá el remedio a que tenga derecho la parte en cuyo favor se dicte, aun cuando ésta no haya solicitado tal remedio de sus alegaciones''.

*Procede, por lo expuesto, revocar la sentencia apelada y conforme solicitan los apelantes devolver el caso a la corte inferior para la continuación del juicio.*