CÁMARA INSULAR DE COMERCIANTES MAYORISTAS, INC., demandante y apelada, v. SANTIAGO OSORIO, demandado y apelante.

Núm. 9716.—*Sometido:* Abril 14, 1948. *Resuelto:* Abril 23, 1948.

*R. R. Rivera Correa,* abogado del apelante; *Otero Surò & Otero Suro,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

El Tribunal de Distrito de San Juan, a petición de la demandante,([1]) dictó sentencia por las alegaciones en este caso. El demandado apeló y ahora la apelada solicita desestimemos el recurso por frívolo.

En la demanda se alegó que el demandado había tomado provisiones y otros efectos en cuenta corriente a varias mercantiles de San Juan y que liquidaba dichas cuentas el 28 de febrero de 1947, arrojaron un saldo total a favor de las mismas de $8,846.48; que el demandado nunca objetó los

---

([1])La demandante invoca la Regla 56(a) y (c) de Enjuiciamiento Civil que dice:

"Regla 56.—Sentencia Dictada Sumariamente.

"(a) A Favor de la Parte Reclamante.—Una parte que trate de obtener reparación mediante reclamación, reconvención o reclamación recíproca, o que trate de obtener una sentencia declaratoria, podrá, en cualquier momento después que se le haya notificado la contestación a la misma, presentar una moción basada o no en affidavits, para que se dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la misma."

estados de cuenta que le fueron rendidos ni el saldo que resultaba en su contra; que dichas mercantiles cedieron a la demandante todos sus derechos y acciones sobre los referidos créditos y que el demandado no los ha pagado ni en todo ni en parte.

Al ser dejada sin efecto una sentencia en rebeldía dictada en contra del demandado, éste contestó la demanda y en ella aceptó algunas y negó otras de las alegaciones de la demanda y específicamente negó que las cuentas arrojaran un saldo de "$8,846.48 o saldo alguno a favor de las mercantiles . . . relacionadas" o que se le hubiesen rendido estados de cuentas. Como defensa especial alegó que la demanda no aduce hechos constitutivos de causa de acción y que el demandado compraba a los demandantes (sic) a treinta días plazo, y que para la fecha de la demanda ninguna de las cuentas por las cuales se demandó estaba vencida. (Es de notarse que la demanda se radicó el 10 de marzo de 1947 y la contestación el 28 de junio de 1947.)

El 8 de julio de 1947 la demandante, acogiéndose a la Regla 33 de Enjuiciamiento Civil, sometió un interrogatorio al demandado, cuya cuarta pregunta decía:

"Si al alegar en el párrafo tercero de su contestación en este caso, que las cuentas cedidas a la demandante no arrojaban el 28 de febrero de 1947 el saldo de $8,846.48, o saldo alguno a favor de las mercantiles a que se refiere el párrafo tercero de la demanda, el demandado quiere decir que no adeudaba cantidad alguna a las firmas cedentes, o si por el contrario su alegación es de que el balance o saldo deudor era otra suma, que si el saldo deudor no era $8,846.48, qué cantidad debía el demandado a las mercantiles cedentes al día 28 de febrero de 1947."

"(c) Moción y Procedimientos.—La moción se notificará a la parte contraria con diez días por lo menos de anticipación a la fecha especificada para la vista. Con anterioridad al día de la vista, la parte contraria podrá radicar y notificar affidavits en oposición. La sentencia solicitada se dictará inmediatamente si las alegaciones, deposiciones y admisiones hechas junto con los affidavits, si los hubiere, probaren que, con excepción de la cuantía de los daños, no hay controversia real en cuanto a ningún hecho material, y que la parte que haya presentado la moción tiene derecho a sentencia como cuestión de ley."

Contestando dicha pregunta el demandado dijo el 23 de julio de 1947:

"En este caso se trata de una alegación de mi abogado, negando el hecho como de costumbre. La realidad es que para fines de febrero yo adeudaba a las cesionarias de la demandante, por facturas servidas, la suma de $8,846.48, (S.E.U.O.)."

Solicitó entonces la demandante que la corte, en vista de las alegaciones y de las contestaciones a los interrogatorios dictara sentencia sumariamente. Se opuso el demandado alegando que se trataba de cobrar una cuenta liquidada; que él nunca recibió estados de cuentas, y que éstas nunca fueron liquidadas y aceptadas por él y radicó un *affidavit* al efecto.

La corte al dictar sentencia, después de celebrada una vista, se refirió a la contestación dada por el demandado a la pregunta número cuatro, supra, y dijo que la misma "concluye definitivamente la controversia principal entre las partes . . . no dejando hecho material alguno por resolver que pueda dar lugar a la presentación de evidencia . . . ." ya que, "después de aceptado este hecho, la corte no podría llegar a otra conclusión que no fuera la de condenar al demandado a satisfacer a la parte demandante la suma reclamada en la demanda."

Al oponerse a la desestimación del recurso, el demandado arguye que la corte inferior no resolvió su defensa de que la demanda no aduce hechos suficientes, y cita los casos de *Insular Industrial, etc. Ass'n.* v. *Cintrón,* 52 D.P.R. 631 y *Ramos* v. *Pueblo,* 67 D.P.R. 640. Ambos le son adversos. En el primero, se resolvió que al alegarse en la demanda que "el demandante requirió a la demandada para que le pagase la citada cantidad, *y no obstante reconocer la demandada al demandante adeudarle la citada suma de $2,208.46,* la citada demandada no ha pagado al demandante", la demanda alegaba hechos suficientes, ya que una alegación cómo la que precede es todo cuanto requiere el caso de *E.*

*Rubio e Hijos* v. *Carrasco,* 26 D.P.R. 255, que se haga en demandas basadas en una cuenta liquidada (*account stated*), y se citó de dicho caso lo siguiente:

". . . Y si la demanda, . . . . se basaba en varias cuentas liquidadas (accounts stated), entonces no debió haberse limitado la demandante a alegar que se había practicado una liquidación de la cuenta del demandado. . . sino que debió haber alegado además que la cuenta se rindió al demandado *y éste en alguna de las formas reconocidas en derecho mostró su conformidad con el balance.*"

En el caso de autos la demanda igualmente contiene alegaciones suficientes, de acuerdo con la doctrina expuesta, y al dictar la sentencia sumaria, hemos de presumir que la corte inferior implícitamente desestimó la defensa aludida.

En cuanto al caso de *Ramos* v. *Pueblo,* supra, tampoco favorece al demandado. En él resolvimos que tanto bajo la Regla 12(*b*) 6 como la 56, "si de acuerdo con los affidavits no queda ningún hecho material en controversia, procede dictar sentencia sumaria o desestimando la demanda. Si aún existe dicho hecho material en controversia, no procede."

¿Qué hecho material queda en controversia en el presente caso después de haber aceptado expresamente el demandado que el 28 de febrero de 1947 adeudaba los $8,846.48 que se reclaman en la demanda? Arguye el demandado que él ha negado que las cuentas fueran liquidadas con su conformidad. Empero, al aceptar en 23 de julio de 1947 que adeuda el balance total de dichas cuentas para fines de febrero de 1947, y siendo su única alegación ulterior contenida en su contestación que sus acreedores le vendían a treinta días plazo, es obvio que no quedaba ningún hecho material en controversia que impidiera a la corte inferior dictar la sentencia sumaria que solicitó la demandante, de acuerdo con la Regla 56, supra.

*Procede la desestimación del recurso por frívolo.*