COMMERCIAL CASUALTY INSURANCE COMPANY y EFRAÍN GONZÁLEZ, peticionarios, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. PEDRO PÉREZ PIMENTEL, JUEZ; ELEUTERIA VÁZQUEZ y MANUEL, PETRA y SUSANA RÍOS, interventores.

Núm. 1842.—*Sometido:* Noviembre 15, 1950.
*Resuelto:* Noviembre 28, 1950.

*Wilson P. Colberg* y *Sarah Torres Peralta,* abogados de los peticionarios; *Bolívar Pagán,* abogado de los interventores, demandantes en el pleito principal.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Eleuteria Vázquez y Manuel, Petra y Susana Ríos, en su carácter de únicos y universales herederos del finado Ramón Ríos, iniciaron ante el Tribunal del Distrito de San Juan demanda de daños y perjuicios contra la Commercial Casualty Insurance Company y Efraín González. A los fines del recurso que está ante nos, las alegaciones esenciales de su demanda fueron: que en 19 de agosto de 1949 el demandado Efraín González conducía por la carretera insular núm. 6 el vehículo de motor de servicio público tablilla P–28621, de su propiedad, y que al así hacerlo arrolló a Ramón Ríos, ocasionándole graves lesiones a consecuencia de las cuales éste falleció seis días más tarde; que el accidente fué causado por la culpa y negligencia del demandado González; que los demandantes han sufrido daños y perjuicios y que al momento de ocurrir el accidente la codemandada Commercial Casualty Insurance Co. era responsable, a virtud de póliza de seguros por ella suscrita, de los daños y perjuicios que el mencionado vehículo ocasionara a las personas.

Contra esa demanda las demandadas presentaron moción sobre sentencia sumaria, en la cual adujeron, en lo aquí pertinente, que en la fecha alegada en la demanda el vehículo en ella descrito pertenecía a Agustín Jaca Hernández y estaba inscrito a nombre de éste en el Departamento del Interior de Puerto Rico; que de acuerdo con el contrato de seguros que cubre vehículos de esta naturaleza la compañía aseguradora no tiene responsabilidad alguna si la persona que maneja el vehículo no es su dueño; y que ni la Comisión de Servicio Público ni el Departamento del Interior habían aprobado para la fecha del accidente traspaso alguno de Agustín Jaca Hernández a favor del codemandado Efraín González; y

solicitaron se dictara sentencia sumaria declarando la acción sin lugar en cuanto a la codemandada Commercial Casualty Insurance Company. Acompañaron a su moción copias fotostáticas certificadas de la póliza Núm. AS 544880; certificación suscrita por el Comisionado del Interior de Puerto Rico con fecha 18 de enero de 1950; certificación del Jefe del Negociado de Automóviles y Tránsito del Departamento del Interior, fechada el 31 de agosto de 1949; (¹) y declaración jurada de Manuel San Juan, Jr., al efecto de que Manuel San Juan Company, Inc., es agente general de la aseguradora demandada; de que como tal dicha corporación no ha sido jamás informada de ningún cambio en la propiedad del vehículo PA–67871, ni de que se le haya otorgado permiso provisional a Agustín Jaca Hernández para que dicho vehículo sea conducido por otra persona que no sea su dueño; y que la Commercial Casualty Insurance Co. no ha expedido endoso alguno a la póliza de seguros aceptando la sustitución de dueños del vehículo.

Señalada para vista dicha moción de sentencia sumaria, en 13 de febrero de 1950 el tribunal declaró la misma sin lugar, haciendo constar en el curso de su resolución que *"en la póliza ofrecida por los demandados aparece un endoso* al efecto de que la compañía aseguradora no responderá en caso de un accidente ocurrido a un vehículo cuyo dueño ha sido sustituído en una fecha posterior a la expedición de la póliza y no sea notificada tal sustitución al Comisionado del Interior ni a la compañía aseguradora;" que "por certificación del Comisionado del Interior de Puerto Rico, de fecha 18 de enero de 1950, aparece que dicho endoso es parte integrante de la póliza expedida por la Commercial Casualty Insurance Co.

---

(¹) No hemos hallado en autos tal certificación. Lo que sí aparece en éstos es el original de una carta dirigida en agosto 31 de 1949 por el Director Auxiliar del Negociado de Automóviles y Tránsito a Benjamín Acosta, en la cual aquél informa a éste que el automóvil marca Chevrolet que lleva licencia PA 67871 y tablillas P–28621, por haberse agotado las tablillas PA, pertenecía en dicha fecha a Agustín Jaca Hernández, de Arecibo, y que para ese vehículo no ha sido librado permiso alguno para que lo conduzca otro chófer que no sea su dueño.

con fecha 1ro. de julio de 1949 cubriendo los vehículos P y PA que trafican por las carreteras de Puerto Rico y cuya póliza estará vigente hasta el día 1 de julio de 1950;" y que "*el demandante ofreció como parte de su oposición a la solicitud de sentencia sumaria copia de la misma póliza ofrecida por los demandados y en la cual no aparece dicho endoso.*" (Bastardillas nuestras.) Solicitada reconsideración la misma fué denegada, manifestando el tribunal a quo en su resolución denegatoria en relación con la discusión habida anteriormente en torno de la moción, lo que pasamos a copiar en seguida:

"Lo ocurrido fué lo siguiente. Las partes sometieron la moción de sentencia sumaria por los documentos que presentaron en pro y en contra de la misma. Al manifestar el Juez que de dichos documentos aparecía que existía una controversia de hechos en cuanto al contenido de la póliza en discusión y que por tanto no era procedente que se dictara una sentencia sumaria, los demandados pidieron al Tribunal que se citara al Comisionado del Interior para que compareciera a declarar en Corte abierta. A ello se opuso el demandante alegando que también él presentaría prueba sobre el contenido de la póliza original ya que al propio abogado del demandante le constaba que determinada cláusula o condición de la póliza no existía en el original de la misma cuando obtuvo la copia certificada que presentó como prueba en oposición a la moción de sentencia sumaria. *Evidentemente se pretendía que se celebrara un juicio oral para que el Tribunal, pasando sobre la credibilidad de los testigos resolviera cuál era la verdad en cuanto a las condiciones de la póliza envuelta en este litigio.* Estimamos que tal procedimiento era improcedente y denegamos la solicitud de la parte demandada." (Bastardillas nuestras.)

Para revisar las resoluciones así dictadas, a instancias de los allí demandados expedimos el auto de *certiorari*.

■ Dispone la Regla 56 de las de Enjuiciamiento Civil que "Una parte contra la cual se haya formulado una reclamación, reconvención o reclamación recíproca, o contra la cual se solicita una sentencia declaratoria, podrá en cualquier momento, presentar una moción, basada o no en affidavits, para que se dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la misma."

Evidentemente, el motivo fundamental por el cual el tribunal recurrido se negó a dictar la sentencia sumaria solicitada fué el hecho de que si bien en una copia certificada de la póliza suscrita por la codemandada Commercial Casualty Insurance Co. en relación con vehículos P y PA, librada por el Comisionado del Interior de Puerto Rico con fecha 18 de enero de 1950, figura un endoso al efecto de que "queda además entendido y convenido que esta póliza no cubre ningún accidente ocurrido cuando un vehículo asegurado es conducido por persona distinta a aquélla específicamente mencionada en la póliza como dueña del vehículo asegurado, *en lo que respecta a vehículos PA* y HPA," (bastardillas nuestras) y de que "cuando hubiere la sustitución del dueño de cualquier carro asegurado tal sustitución de propiedad debe ser previamente aprobada por el Comisionado del Interior de Puerto Rico y efectuarse el cambio correspondiente de Registro, en tendiéndose sin embargo, que tal aprobación queda condicionada al uso del vehículo por el nuevo dueño como instrumento de trabajo a tenor de las disposiciones de la Ley 279 de 5 de abril de 1946, según ha sido subsiguientemente enmendada," (²) sin embargo, en otra copia certificada de la misma póliza expedida en 8 de septiembre de 1949 por el propio Comisionado del Interior no aparece el aludido endoso; y porque creyó que el admitir prueba oral sobre las condiciones de la póliza envuelta equivalía a la celebración de un juicio oral para que el tribunal pasara sobre la credibilidad de los testigos y resolviera cuál era la verdad.

Fué un error del tribunal recurrido no admitir la prueba adicional ofrecida para determinar si la póliza contenía o no el endoso en cuestión. Conforme dice el tratadista Moore en su obra *Federal Practice* Bajo las Nuevas Reglas de Enjuiciamiento Civil, volumen 3, pág. 383, sección 56.03: "No se requiere que una moción sobre sentencia sumaria bajo la

(²) En los autos figura también copia certificada de la referida póliza librada por José H. Méndez, Ingeniero Civil, Director del Negociado de Automóviles y Tránsito, fechada el 23 de noviembre de 1949, y en la misma aparece el endoso a que se ha hecho referencia.

Regla 56 esté sostenida o controvertida por declaraciones juradas. La Regla 56 tiene por miras que la moción pueda ser oída en cualquiera de las siguientes formas: (1) basada enteramente en declaraciones juradas (*affidavits*) y en las alegaciones; (2) en las alegaciones, deposiciones y admisiones que consten en autos, sin necesidad de declaraciones juradas para sostener o controvertir las mismas; (3) en declaraciones juradas, y en las alegaciones, deposiciones y admisiones que consten en autos; y (4) *total o parcialmente en prueba oral* o deposiciones, en las alegaciones, y en los hechos y admisiones que aparezcan en los autos." (Bastardillas nuestras.) Por otro lado, la Regla 43(*e*) provee que "cuando una moción esté basada en hechos que no consten del récord, la corte podrá recibir la prueba por medio de declaraciones juradas presentadas por las partes respectivas, *y asimismo podrá ordenar que la controversia se presente total o parcialmente por medio de testimonio oral o deposiciones*." (Bastardillas nuestras.)

Desde luego, las mociones en que se solicita sentencia sumaria deben estar basadas generalmente en las alegaciones y admisiones que consten en autos, en declaraciones juradas, en deposiciones o en otra prueba documental. Sólo en casos excepcionales, en que se haga, si no imposible, por demás difícil obtener los correspondientes *affidavits*, documentos o deposiciones, es que como excepción a la regla general, puede admitirse prueba oral en apoyo de una moción como la aquí envuelta.

■ En el caso de autos, sin embargo, en que únicamente se trataba de una discrepancia entre las copias certificadas de la póliza de seguros ofrecidas por las partes, con sólo autorizar la presentación de una declaración jurada del Comisionado del Interior sobre la existencia o inexistencia del endoso de referencia, o en caso de que no pudiese obtenerse tal declaración jurada o de que a juicio del tribunal la misma no fuese suficiente, con meramente citar a dicho funcionario para que compareciera trayendo consigo el original de la

póliza, el tribunal hubiese estado en la mejor posición para resolver debidamente la cuestión que tenía ante sí. En caso de que la declaración jurada o el testimonio del Comisionado permanecieran incontrovertidos fácil hubiera sido entonces concluir si quedaba o no algún hecho material en disputa. De no existir ninguna controversia genuina en cuanto a los hechos, el deber del tribunal hubiese sido dictar sentencia sumaria en favor de la codemandada Commercial Casualty Insurance Co. *Fernández Antonetti* v. *Corte*, 71 D.P.R. 161, 188; *Hettinger & Co.* v. *Tribunal*, 69, D.P.R. 137, 141; *Gifford* v. *Travelers Protective Ass'n.*, 153 F.2d 209, 211; Moore's, Federal Practice, vol. 3, pág. 3184, sección 56.04; Idem. *Cumulative Supplement* de 1949, págs. 233 *et seq.*, sección 56.04.

*Deben anularse las resoluciones recurridas y devolverse el caso al tribunal inferior para ulteriores procedimientos no inconsistentes con esta opinión.*