EZEQUIEL LUGO, con el concurso de y asistido de su madre con patria potestad ISABEL EUGENIA MORALES, querellante y apelado, *v.* REINALDO MARINI, querellado y apelante.

Núm. 10440.—*Sometido:* Mayo 2, 1951. *Resuelto:* Mayo 18, 1951.

518

*Amador Ramírez Silva,* abogado del apelante; *Joaquín Gallart Mendía* y *Rafael Ydrach,* abogados del Departamento del Trabajo y a su vez del apelado.

EL JUEZ PRESIDENTE INTERINO SEÑOR TODD, JR., emitió la opinión del tribunal.

Ezequiel Lugo radicó ante la Corte Municipal de Mayagüez una querella en contra de su ex patrono, Reinaldo Marini, en reclamación de salarios, al amparo del Decreto Mandatorio núm. 14 de la Junta de Salario Mínimo de Puerto Rico, regulando la industria de muebles y otros productos de madera en Puerto Rico que comenzó a regir el 15 de septiembre de 1948, por concepto de trabajo realizado entre el 15 de septiembre de 1948 y el 13 de mayo de 1949. Visto el caso, la corte declaró sin lugar la querella. Apelado el caso para ante la Sección de Mayagüez del Tribunal de Distrito de Puerto Rico, ésta dictó sentencia a favor del querellante, condenando al querellado a pagar la suma de $156.81 por concepto de diferencias de salarios, más una cantidad igual por concepto de penalidad, según dispone la sección 25 de la Ley de Salario Mínimo de Puerto Rico.

No conforme con la sentencia el querellado apeló y señala como único error el a su juicio cometido por dicho tribunal al basarse para resolver el caso "en que el querellante no era un aprendiz como sostiene y sostuvo el querellado, y que tampoco era un obrero no diestro como alegó el mismo querellante a través de los abogados del Departamento del Trabajo."

■ De acuerdo con los hechos probados se demostró que el apelante no obtuvo del Presidente de la Junta de Salario Mínimo el permiso especial requerido por la sección 17(a) de la Ley de Salario Mínimo de Puerto Rico (Ley núm. 8 de 5 de abril de 1941 (1) pág. 303), según quedó enmendada por la Ley núm. 48 de 10 de junio de 1948 (Sexta, Séptima y Octava Legislaturas Extraordinarias, pág. 145), para emplear al apelado como aprendiz en su negocio.[1] En su consecuencia, el tribunal a quo resolvió que, de acuerdo con la prueba, el trabajo realizado por el apelado durante el período al cual se contrae la reclamación, debe clasificarse dentro de una de las tres categorías de empleos que establece el Decreto Mandatorio núm. 14 para los trabajadores de la industria de muebles.[2] No erró, a nuestro juicio, al así resolverlo.

■ El apelante arguye que al comenzar a regir el Decreto Mandatorio núm. 14 el 15 de septiembre de 1948 y disponerse en el mismo que "se podrán emplear aprendices a base de un jornal no menor de quince centavos por

[1] "Sección 17.—Podrá emplearse a cualquier persona en calidad de aprendiz, estudiante o meritorio sujeto a las siguientes disposiciones:

"(a) El patrono deberá obtener previamente del Presidente de la Junta un permiso especial en que consten las condiciones mínimas de dicho empleo y tal permiso será válido durante el período que determine la Junta en el decreto o mediante reglamento al efecto."

[2] El Decreto Mandatorio núm. 14 dispone en lo pertinente, lo siguiente:

"E.—*Trabajador Diestro* se considerará todo obrero que tenga un pleno conocimiento, comprensión y dominio de la técnica manual y de los procesos envueltos en el desempeño de cualquiera de las ocupaciones generalmente reconocidas como oficios, tales como, sin que se entienda

hora durante la primera etapa de su aprendizaje, la cual nunca podrá exceder de seis meses," se facultó a los patronos de la Industria de Muebles a emplear aprendices sin obtener permiso previo del Presidente de la Junta de Salario Mínimo.

No tiene razón. La disposición del Decreto Mandatorio núm. 14 en que descansa el apelante su argumentación no tiene el alcance de conceder un permiso general a los patronos para el empleo de aprendices. Dicha disposición sólo constituye una reglamentación del salario mínimo que habrán de percibir los aprendices que sean legalmente empleados de acuerdo con las disposiciones de la sección 17(a) de la Ley de Salario Mínimo, supra. Los Decretos Mandatorios deben interpretarse en armonía con las disposiciones de la ley que autoriza su promulgación; empero, al igual que todo reglamento no pueden infringir las disposiciones de la ley. *Chabrán* v. *Bull Insular Line*, 69 D.P.R. 269. Arguye además el apelante que la Junta de Salario Mínimo aprobó el Reglamento núm. 9 fijando normas para el Aprendizaje en la Industria de Muebles y Otros Productos de Madera, con fecha 2 de febrero de 1949, en el cual se autorizaba la contratación de aprendices por un término no mayor de dos años y que no fué hasta la fecha en que se aprobó dicho reglamento que el patrono tenía de nuevo que solicitar el permiso del Presidente de la Junta. Tampoco tiene razón. Dicho reglamento, en su artículo 11(a), cumplió con la

---

que están limitadas a las siguientes: diseñador, ebanista, operario de banco, pintor, tallista, tapicero y tornero.

"F.—*Trabajador Semidiestro* se considerará todo obrero que, sin tener el grado de conocimiento, comprensión y dominio de la técnica manual y de los procesos que se requieren del trabajador diestro para el desempeño del oficio, posee, sin embargo, aquellos conocimientos que le permiten ejecutar bajo supervisión directa ciertos trabajos dentro del oficio que desempeñe.

"G.—*Trabajador No Diestro* se considerará todo obrero que desempeñe labores cuya ejecución no requiera un previo período de adiestramiento. Estarán comprendidos en esta categoría, sin que se entienda como limitación, los siguientes: conserjes, guardianes, mensajeros, serenos y trabajadores corrientes."

norma establecida en la sección 17(a) de la Ley, supra, exigiendo que se obtenga un permiso del Presidente de la Junta para contratar a un aprendiz. Eso no significa, sin embargo, que el patrono no tenía que cumplir con la ley en todo momento. Además, la prueba demostró que a la fecha de vigencia del Decreto Mandatorio núm. 14 el apelado no desempeñaba la labor de un aprendiz en el taller del apelante.

Como muy bien dijo el tribunal inferior, el hecho de que el apelado alegara en su querella que era un obrero no diestro no era un impedimento para que se le concediera por la corte el remedio a que tenía derecho, de acuerdo con las alegaciones según enmendadas por la prueba. Reglas 81(b) y 54(c) de las de Enjuiciamiento Civil; *Guadalupe* v. *Rodríguez*, 66 D.P.R. 143; *Miranda* v. *Cacho*, 66 D.P.R. 550; *Ball* v. *Vilá*, 67 D.P.R. 415. Al demostrar la prueba que el apelado realizó la labor de un obrero semidiestro tenía derecho a que se le pagara el salario correspondiente a dicha categoría.

*Debe confirmarse la sentencia.*