Fernando Sierra Berdecía, Secretario del Trabajo, en representación y para beneficio del obrero Flor Morales, querellante y apelante, v. Jorge Bird, Jr., querellado y apelado.

Número 10920.

*Sometido:* 20 de julio de 1953. *Resuelto:* 19 de abril de 1955.

*Joaquín Gallart Mendía* y *Guillermo Estrella Frasqueri,* abogados del apelante; *Antonio J. Matta,* abogado del apelado.

PER CURIAM: Fernando Sierra Berdecía, en su carácter de Comisionado del Trabajo (hoy día Secretario de Trabajo) [1] en representación y para beneficio del obrero Flor Morales instó ante el antiguo Tribunal de Distrito de Puerto Rico, Sección de Humacao, una querella en reclamación de salarios contra Jorge Bird, Jr., de conformidad con lo dispuesto por la Ley 10 de 14 de noviembre de 1917, (Vol. II, pág. 217). Alegó en ella esencialmente que mediante contrato verbal celebrado con el querellado, Flor Morales estuvo trabajando regularmente para aquél como operador de una máquina pesada (*bulldozer*) en un negocio dedicado a la elaboración, extracción, venta y distribución de cal que dicho querellado opera en la jurisdicción de Fajardo, desde el 22 de noviembre de 1948 hasta el 3 de enero de 1952 un total de 3,138¾ horas regulares y 127 horas extras, recibiendo paga del referido querellado por las horas regulares a un tipo de salario de $0.75 la hora y por las horas extras a un tipo doble de salario de $1.50 la hora, cuando de acuerdo con el Decreto Mandatorio núm. 15 de la Junta de Salario Mínimo el querellado debió haberle pagado a razón de $1.00 la hora por trabajo efectuado en horas regulares y a $2.00 por hora las horas extras. Solicita sentencia declarando con lugar la querella y condenando al demandado a pagarle la suma de $840.03, y otra suma igual por concepto de penalidad adicional. [2]

A esa querella el querellado interpuso tan sólo una mo-

---

[1] Véase la Constitución del Estado Libre Asociado de Puerto Rico, Artículo IV, Sección 6, 1 L.P.R.A., pág. 204.

[2] Véase la sec. 25 de la Ley 8 de 5 de abril de 1941 (pág. 303), según fué enmendada por la Ley núm. 451 de 14 de mayo de 1947 (págs. 951, 969).

ción para desestimar por falta de hechos para determinar una causa de acción.(³) La moción del querellado fué señalada para vista y durante la misma el tribunal oyó la prueba que ambas partes le sometieron—testifical y documental—dictando más tarde la que intituló "Resolución y Sentencia" declarando sin lugar la demanda. La médula de esa decisión fué "que la cantera de cal no es un negocio o industria distinto o separado del proceso de transformación de la piedra caliza en productos de otra naturaleza. ...No se trata... de una 'industria de cantera' separada o independiente tal como se define en el Decreto Mandatorio núm. 15. Pero, aun prescindiendo de lo que hemos concluído anteriormente, una lectura del Decreto núm. 15, nos revela en forma clara su inaplicabilidad a la industria o negocio del querellado. Claramente se ve de la letra de dicho Decreto que su intención fué cubrir únicamente las industrias de canteras de piedras que tan comunes son en Puerto Rico. En dichas canteras es donde en realidad se extrae, arrima, tritura o entrega 'piedra, grava, tosca y polvillo.' Ese es el único negocio y la única finalidad del explotador de la cantera de piedra. La extracción, arrimo, trituración y entrega de la piedra, la grava, la tosca y el polvillo, constituyen la totalidad del negocio o industria a diferencia de la industria de la cal en que, como ya hemos repetido, la explotación de la cantera no es sino el paso inicial en el proceso de la elaboración de los distintos productos que se derivan de la cal en su estado natural. ..." El querellante apeló. Alega ahora que el tribunal inferior erró:

"1. ...al requerir la presentación de prueba para determinar los méritos de la moción de desestimación del querellado

(³) En vista de que el querellado no radicó su contestación oportunamente, el querellante solicitó se dictara sentencia a su favor a tenor de lo dispuesto por el párrafo segundo de la sec. 3 de la Ley de 1917, supra, según fué enmendada por la núm. 182 de 12 de mayo de 1948 (pág. 471). Esa moción del querellante fué declarada sin lugar por el tribunal a quo por resolución de 2 de septiembre de 1952. El presente recurso, sin embargo, no envuelve cuestión alguna relacionada con tal resolución.

en vez de resolver la misma a base de las alegaciones de la querella.

"2. ...al desestimar la querella y resolver que la misma carecía de méritos bajo la teoría de que el negocio del querellado no está cubierto por el Decreto Mandatorio núm. 15.

"3. ...al rehusar admitir en evidencia una comunicación fechada el 14 de febrero de 1951...que fué dirigida al señor Agustín López Parrilla, en su capacidad de Vicepresidente de la Unión de la Industria de Cal, Fraternidad Sur 441, Barrio Obrero, Fajardo, Puerto Rico, por Mr. Russell Sturgis, en su capacidad de Director Territorial para Puerto Rico de la División de Horas y Salarios del Departamento del Trabajo de Estados Unidos.

"4 ...al admitir el testimonio del señor Cándido Oliveras, Ex-presidente de la Junta de Salario Mínimo de Puerto Rico, sobre lo que a su juicio tuvo en mente la referida Junta al aprobar el Decreto Mandatorio núm. 15."

Al discutir el primer error señalado, el querellante nos cita varios casos resueltos en época en que a las acciones civiles ordinarias les era aplicable el Código de Enjuiciamiento Civil y cuando la cuestión de falta de hechos en una demanda se suscitaba por medio de excepción previa. Para aquel entonces la suficiencia de esa alegación se determinaba exclusivamente a base de los hechos en ella alegados y no era permisible que se adujera prueba por una u otra parte para sostener la suficiencia o insuficiencia de la demanda. Empero, hoy día la situación es distinta. Por disposición expresa de la sec. 2 de la Ley núm. 150 de primero de mayo de 1950 (pág. 407, 411), enmendatoria de la Ley 10 de 1917 "en los casos que se tramiten con arreglo a esta Ley (núm. 10 de 1917) se aplicarán las Reglas de Enjuiciamiento Civil en todo aquello que no esté en conflicto con las disposiciones específicas de esta Ley." Así pues, por disposición expresa del estatuto que rige la materia las Reglas de Enjuiciamiento Civil son aplicables a casos sobre reclamación de salarios como el presente. Véase *Cáceres* v. *García*, 71 D.P.R. 406. A virtud de la Regla 7(c) las excepcio-

174

nes previas quedaron abolidas. (⁴)    Sin embargo, bajo la Regla 12(*b*) pueden suscitarse por medio de moción para desestimar más o menos las mismas cuestiones que anteriormente se planteaban por excepción previa de conformidad con el art. 105 del Código de Enjuiciamiento Civil.    Tanto la moción para desestimar interpuesta bajo la Regla 12(*b*) (6) como la excepción previa de falta de hechos del art. 105(6) del Código de Enjuiciamiento Civil admiten la certeza de los hechos bien alegados de la demanda.    *Walker* v. *Tribl. Contribuciones,* 72 D.P.R. 698;  *Boulon* v. *Pérez,* 70 D.P.R. 988;  *De la Cruz* v. *Gobierno de la Capital,* 68 D.P.R. 534;  *National City Bank* v. *De la Torre,* 49 D.P.R. 562.    Al resolver una moción para desestimar una demanda por falta de hechos, el deber de la corte no es determinar los méritos finales de la reclamación que en la demanda se hace, sino considerar si a la luz de la situación más favorable al demandante y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida.  *Boulon* v. *Pérez,* supra. · Cf. *Hernández* v. *Caraballo,* 72 D.P.R. 673.    No obstante, si bien como ya se ha indicado una excepción de falta de hechos debía resolverse exclusivamente por lo que aparecía de la propia faz de la demanda, sin embargo no ocurre así cuando se presenta una moción para desestimar por falta de hechos bajo la citada Regla 12(b) (6).  Esta regla tiene por miras el mismo alcance que la Regla 56 que trata de las sentencias sumarias, y tanto bajo una Regla como bajo la otra puede presentarse evidencia documental y aun testifical en apoyo de la misma.    Ése es un derecho—el de presentar prueba documental u oral—que tienen tanto el demandante como el promovente de la moción. *Onna* v. *The Texas Co.,* 64 D.P.R. 520;  *Ramos* v. *Pueblo,* 67 D.P.R. 640, 645;  *Cámara de Comerciantes* v. *Osorio,* 68 D.P.R. 664, 667;  *Bithorn* v. *Santana,* 68 D.P.R. 300;  *Hettinger & Co.* v. *Tribunal de Distrito,* 69 D.P.R. 137;  *Com-*

---

(⁴) Desde luego, las excepciones previas siguen en vigor para aquellos casos a los cuales las reglas de Enjuiciamiento Civil no son aplicables.

*mercial Casualty Ins.* v. *Corte,* 71 D.P.R. 899; 2 Moore's *Federal Practice,* segunda ed., pág. 2247, sec. 12.09; *Locals No. 1470* v. *Southern Pac. Co.,* 131 F.2d 605. Por otro lado, de acuerdo con la Regla 43(e) de las de Enjuiciamiento Civil "cuando una moción esté basada en hechos que no consten del récord, la corte podrá recibir la prueba por medio de declaraciones juradas presentadas por las partes respectivas, y asimismo podrá ordenar que la controversia se presente total o parcialmente por medio de testimonio oral o deposiciones." Véase 5 Moore's ob. cit., pág. 1354, sec. 43.13. Concluímos, por tanto, que el tribunal a quo no cometió error al oír prueba en relación con la moción para desestimar que ante sí tenía.

No obstante, creemos que el tribunal sentenciador cometió el segundo error imputádole. De la querella se desprende que el obrero Flor Morales trabajaba para el querellado como operador de una máquina pesada en un negocio de éste dedicado "a la elaboración, extracción, venta y distribución de cal." Aunque en la querella no se usa específicamente la palabra "cantera" ni la frase "industria de cantera", sin embargo, en ella se hace mención específica del Decreto Mandatorio núm. 15, aplicable a los trabajadores de la industria de canteras en Puerto Rico. Además, por la prueba aducida por una y otra parte se ve claramente que la contención fundamental en el caso lo fué si el querellante trabajaba o no para el querellado en una industria de canteras.

El Decreto núm. 15 de la Junta de Salario Mínimo de 22 de octubre de 1948, que empezó a regir 30 días después de su promulgación dispone, que "*la industria de canteras* comprende todo acto, proceso, operación, trabajo o servicio necesario o relacionado con la extracción, arrimo, trituración, o entrega de piedra, grava, tosca y polvillo." Los decretos mandatorios de la Junta de Salario Mínimo deben ser interpretados de conformidad con las disposiciones de la Ley de Salario Mínimo. *Lugo* v. *Marini,* 72 D.P.R. 517.

Según admite el querellado, él es dueño de la llamada Planta de Cal Hicaco que "se compone de unidades y maquinarias situadas en el barrio Puerto Real de Fajardo." Allí tiene "un par de hornos, una planta de elaborar pintura de agua, una pulverizadora de cal y una planta de hidratar" y "para poder obtener los productos de esta planta, que son cal hidratada, carbonato de cal, cal muerta y pintura caceical, la materia prima se extrae de una mina que hay en el Islote Hicaco frente al puerto de Fajardo. De la mina se sacan bloques de cal que son pulverizados y sometidos a tratamiento. ...Claro está que los bloques de cal se extraen de la mina usando dinamita y con un proceso similar al que se usa en las canteras. También se usa un *bulldozer* para recoger y limpiar el residuo que queda en la misma." (⁵)

Por otra parte, el testigo del querellado, José Antonio Berrocal, quien dijo ser ingeniero químico, declaró que su experiencia "con respecto a canteras propiamente está en el negocio de Cal Hicaco *donde se extraía piedra.* ...*Una piedra cuya composición es carbonato de calcio a un alto grado de pureza.*" Preguntado si *allí se extrae piedra de cal,* él contestó, *"sí, señor."* (Bastardillas nuestras.) Consideradas las precedentes admisiones del querellado, el anterior testimonio de Berrocal y el resto de la prueba que figura en autos, tenemos necesariamente que concluir que el querellante trabajaba en una industria de cantera, tal cual la misma es definida por el Decreto Mandatorio núm. 15, ya que realizaba un acto, proceso, operación, trabajo o servicio necesario y relacionado con la extracción, arrimo, trituración o entrega de piedra de cal.

■ El hecho de que el negocio principal del querellado sea la explotación de una planta de elaborar pintura no significa en forma alguna que el trabajo que se realiza en el Cayo Hicaco para la consecución de la materia prima no constituya una "industria de cantera" a los fines del decreto

---

(⁵) En este *bulldozer* o pala mecánica era precisamente que trabajaba el querellante.

aludido, independientemente de la industria o negocio principal explotados primordialmente por el querellado. Dentro de una industria principal pueden haber industrias subsidiarias. Por ejemplo, en la industria de fabricación de cemento, la explotación de una cantera, al igual que ocurre aquí, puede ser una industria subsidiaria o incidental. Lo mismo tal vez ocurra en la industria azucarera o en la lechera, en las cuales la fase agrícola puede ser una industria subsidiaria. Véanse *Sierra, Com.* v. *San Miguel Fertilizer Corp.*, 73 D.P.R. 341; *Sierra, Com.* v. *Llamas*, 73 D.P.R. 908; *Phillips Co.* v. *Walling*, 324 U. S. 490. Lo mismo sucede en este caso con la cantera explotada por el querellado en el Islote Hicaco. Un decreto mandatorio puede además ser aplicable a una fase del negocio o industria e inaplicable al resto de los mismos. La moción de desestimación por falta de hechos debió ser declarada sin lugar.

Dadas las anteriores conclusiones y toda vez que el caso será devuelto al Tribunal Superior, sala de origen, estimamos que es innecesario discutir y resolver los otros dos errores señalados por el apelante.

*Debe revocarse la "resolución y sentencia" apelada y devolverse el caso al Tribunal Superior, Sala de Humacao, para ulteriores procedimientos consistentes con esta opinión.*

El Juez Asociado Sr. Sifre no intervino.