Manuel Negrón Nogueras, demandante y apelante, *v.* Mariano Villaronga Toro, Secretario de Instrucción Pública de Puerto Rico, demandado y apelado.

Número 11215.

*Sometido:* 2 de abril de 1956. *Resuelto:* 11 de mayo de 1956.

*Rafael V. Pérez Marchand,* abogado del apelante; *Hon. Secretario de Justicia José Trías Monge* y *Edgar S. Belaval, Procurador Auxiliar,* abogados del apelado.

El Juez Asociado Señor Pérez Pimentel emitió la opinión del Tribunal.

La Ley núm. 14 de 24 de julio de 1952 ((2) pág. 75), para enmendar el art. 186 del Código Político, prescribe un

juramento de fidelidad que deberán prestar los miembros de la Asamblea Legislativa de Puerto Rico y todos los funcionarios ejecutivos, administrativos y judiciales, y todos los empleados del Gobierno de Puerto Rico, sus dependencias, juntas, comisiones y organismos creados por ley. En lo pertinente dicha ley dispone: "Todo funcionario o empleado que estuviere en el ejercicio de su cargo o empleo al tiempo de entrar en vigor esta Ley *deberá proceder a prestar el juramento anteriormente prescrito no más tarde del día 31 de enero de 1953*, y cualquier funcionario o empleado que se negare a prestarlo quedará cesante inmediatamente." (Bastardillas nuestras.)

El día 28 de enero de 1953, o sea, tres días antes del vencimiento de la fecha concedida por ley a los funcionarios o empleados que estuvieren en el ejercicio de su cargo o empleo para prestar el indicado juramento, el apelante Manuel Negrón Nogueras interpuso ante el Tribunal Superior un recurso de sentencia declaratoria contra Mariano Villaronga Toro, Secretario de Instrucción Pública de Puerto Rico. En la demanda se alega en síntesis, que el demandante es maestro de instrucción pública con licencia permanente desde el año escolar 1939–1940; que el 16 de julio de 1947 recibió del entonces Comisionado de Instrucción Pública de Puerto Rico el último nombramiento de maestro permanente y en ese carácter firmó su contrato, más el juramento de fidelidad exigido entonces por el art. 186 del Código Político según fué enmendado por la Ley núm. 93 de mayo de 1936 ((1) pág. 491), copiándose tanto el contrato como el juramento; que el demandado Secretario de Instrucción Pública, le ha exigido que preste un juramento de fidelidad de acuerdo con los términos de la Ley núm. 14 de 1952, antes del día 31 de enero de 1953, so pena de quedar cesante; que el demandante ocupa un cargo vitalicio por lo que dicha ley menoscabaría su contrato con El Pueblo de Puerto Rico si él se niega a firmar el juramento, todo ello en violación de la sec. 2, párrafo 5 de la Ley Orgánica de 1917; que la indicada Ley núm. 14 no es aplicable a él

porque con anterioridad a su aprobación ya el demandante había firmado un juramento de fidelidad; que la Ley núm. 14 viola la Sección 7 del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico; que el demandante tiene una gran incertidumbre sobre el alcance del requerimiento héchole por el Secretario de Instrucción para que preste un nuevo juramento de fidelidad y que está convencido, contrario al criterio del indicado funcionario, que no se le puede imponer bajo sanciones, la prestación del susodicho juramento. La demanda termina con la súplica de que "se dicte sentencia interpretando las leyes y los preceptos constitucionales citados que se refieren a y que afectan el 'status' del demandante como maestro vitalicio de instrucción pública, para que este demandante pueda reclamar los derechos y cumplir los deberes inherentes a su cargo sin reservas mentales como ciudadano del Estado Libre Asociado de Puerto Rico."

El demandado presentó una moción solicitando que se dictara sentencia sumaria [1] "por el fundamento de que no hay ninguna controversia genuina en cuanto a hechos materiales al caso y que el demandante tiene derecho a una sentencia a su favor como cuestión de derecho." En la alternativa el demandado solicitó que si no se dictaba sentencia sumaria, el tribunal determinara en la vista de la moción, los hechos materiales sobre los cuales no había controversia sustancial.

Luego de declarar sin lugar dicha moción, el tribunal a quo reconsideró su resolución y dictó sentencia sumaria declarando: (1) que la Ley núm. 14 de 1952 es constitucional; (2) que dicha ley es aplicable al demandante, y (3) que éste venía obligado a acatarla so pena de quedar cesante.

El demandante apeló. En su alegato señala la comisión de los siguientes errores:

"Primer Error: El tribunal a quo cometió error perjudicial al demandante al dictar como dictó su sentencia de octubre 9, 1953, fuera de los términos en que le fué planteada la cuestión

---

[1] Esta moción se basaba en las alegaciones únicamente.

litigiosa y pasando por alto la Ley Especial núm. 47 de 1931, bajo la cual el demandante aquí apelante sometió su querella.

"Segundo Error: El tribunal a quo erró asimismo al dictar como dictó una sentencia incongruente con las alegaciones de la demanda que por sus términos privó al demandante del beneficio de la Ley Uniforme de Sentencias Declaratorias, y de su solicitada oportunidad de atemperar su conducta a la ley bajo la cual procedía."

Fundándose en que estos dos errores están íntimamente relacionados, el apelante los discute conjuntamente. Sin embargo, como correctamente señala el apelado, en el curso de la argumentación dicho apelante parece señalar dos errores distintos. El primero es al efecto de que el Tribunal Superior cometió error al dictar una sentencia sumaria por existir una controversia de hechos. El error no tiene méritos. La moción de sentencia sumaria se presentó antes de radicarse una contestación y no estaba basada en affidávits. El demandado admitía que no había controversia en cuanto a los hechos materiales. En su moción de reconsideración el demandado estuvo conforme en que aceptaba como ciertos los hechos alegados en la demanda. Asimismo en que ésta aducía una causa de acción, por lo que no procedía su desestimación y sí que se dictara sentencia declarando cuáles eran los derechos de las partes, bien a favor de las contenciones del demandado o de las del demandante. Una vez admitidos los hechos de la demanda, sólo restaba al tribunal a quo determinar el efecto legal y alcance de la Ley núm. 14 de 24 de julio de 1952 en relación con el "status" del demandante como maestro permanente de instrucción pública. Precisamente eso fué lo que hizo el tribunal sentenciador. En repetidas ocasiones hemos dicho que en ausencia de controversia real en cuanto a ningún hecho material, procede dictar sentencia sumaria. *Hernández* v. *Caraballo*, 72 D.P.R. 673, 680; *Sucn. Guerra* v. *Sánchez*, 71 D.P.R. 807, 813–814; *Commercial Casualty Ins.* v. *Corte*, 71 D.P.R. 899, 905; *Gaztambide* v. *Sucn. Ortiz*, 70 D.P.R. 412, 425; *Cámara de Comerciantes* v.

*Osorio,* 68 D.P.R. 664, 667. Además de estos casos, véase especialmente lo resuelto en el de *Fernández* v. *Corte,* 71 D.P.R. 161, 166.

■■ En el segundo señalamiento de error el apelante parece sostener (1) que el tribunal superior no podía hacer pronunciamiento alguno en cuanto al poder para destituir al demandante-apelante por no prestar el juramento y que por lo tanto esa parte de la sentencia era incongruente con las alegaciones, y (2) que dicho tribunal debió haber resuelto que el demandante tenía derecho a prestar el juramento después de haber recaído sentencia aun cuando esto ocurriera con posterioridad al 31 de enero de 1951.

No tiene razón. La contención del demandante, según la demanda, es que a él, por ser un maestro vitalicio y haber prestado un anterior juramento de fidelidad, no podía imponérsele la obligación de prestar un nuevo juramento bajo los términos de la Ley núm. 14 de 1952; que tenía incertidumbre en cuanto al alcance del requerimiento que le había hecho el Secretario de Instrucción Pública, y que estaba convencido de que no se le puede imponer bajo sanciones el juramento que se le exige, . . . . . Es claro que el tribunal venía obligado a declarar si la Ley núm. 14 era aplicable al demandante y cuáles eran sus efectos sobre el "status" de éste como maestro. No existe pues, incongruencia alguna entre las alegaciones de la demanda y la sentencia que declaró que la Ley núm. 14 es "aplicable al demandante y que éste venía obligado a acatarla so pena de quedar cesante". Lo que sí no estaba envuelto en el caso, y el tribunal a quo no venía llamado a resolverlo, era si el demandante podía o no prestar el juramento después del 31 de enero de 1953, aparte de que la ley es clara y terminante en el sentido de que cualquier funcionario o empleado que se negare a prestar el juramento en o antes del 31 de enero de 1953, quedará cesante inmediatamente.(²) El apelante ar-

---

(²) El juramento prescrito por el art. 186 del Código Político, según fué enmendado por la Ley núm. 14 de 1952 (3 L.P.R.A. sec. 601), es como sigue:

."Juramento de Fidelidad y de Toma de Posesión de Cargo o Empleo

guye, y así lo alega en su demanda, que él tenía el propósito de atemperar su conducta a la Ley, según ésta fuera interpretada por el tribunal. Sin embargo, llama poderosamente la atención el hecho de que él presentara su demanda tres días antes de vencerse el término que tenía por ley para prestar el juramento.(³) Esto, en ausencia de razones justificativas de tal demora, es de por sí suficiente réplica a la· alegación de buena fe y deseo de cumplir con la ley que hace el apelante.

Hemos examinado los casos citados por el apelante y muchos se refieren a hechos distintos a los del presente caso y otros nada tienen que ver con la cuestión aquí suscitada.

*La sentencia apelada será confirmada.*

El Juez Asociado Sr. Negrón Fernández no intervino.

---

"Yo.................................·.........:.....….... de..............
    "(Nombre del funcionario o empleado)          (edad)
.............................................…... juro solemnemente que
            (nombre del cargo o empleo)
mantendré y defenderé la Constitución de los Estados Unidos y la Constitución y las Leyes del Estado Libre Asociado de Puerto Rico contra todo enemigo interior o exterior; que prestaré fidelidad y adhesión a las mismas; y que asumo esta obligación libremente y sin reserva mental ni propósito de evadirla; y que desempeñaré bien y fielmente los deberes del cargo o empleo que estoy próximo a ejercer. Así me ayude Dios.
                    "...............................
                    "(Funcionario o empleado)
"Jurado y firmado ante mí, etc."

(³) Recuérdese a este efecto, que la citada Ley núm. 14 fué aprobada en 24 de julio de 1952 para regir tan pronto entrase en vigor la Constitución del Estado Libre Asociado, lo cual significa que dicha ley entró en vigor el 25 de julio de 1952, y como ya hemos visto el juramento debía prestarse en o antes del 31 de enero de 1953, por lo que el apelante tuvo un término mayor de seis meses para cuestionar ante los tribunales los efectos de la Ley núm. 14 sobre su "status" como maestro. Como bien alega el apelado, nadie más que el apelante fué culpable de que la sentencia recaída en su caso no le fuera de utilidad.