PAUL A. BOULON, incapacitado representado por su tutor JOHN F. BOULON, demandante y apelante, v. TEODORICO PÉREZ MERI, demandado y apelado.

Núm. 10036.—*Sometido:* Febrero 14, 1950. *Resuelto:* Marzo 9, 1950.

*Brown, Newsom & Córdova,* abogados del apelante; *Clemente Ruiz Nazario* y *F. L. San Miguel,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

El punto cardinal envuelto en este recurso es si el tribunal inferior actuó o no acertamente al declarar con lugar una

moción para desestimar la demanda, basada en no aducir ésta hechos determinantes de una causa de acción. Se hace preciso, pues, exponer y examinar las alegaciones esenciales de la misma. Brevemente expuestas son al efecto de que el demandante, quien en la actualidad es persona incapacitada y comparece representado en la acción por su tutor, allá para el 9 de junio de 1938 celebró con el demandado un contrato que se consignó en escritura pública, mediante el cual aquél vendió a éste por la suma de $10,000 su negocio conocido con el nombre de Refrigeration Supply Co., "incluyendo todos los bienes, derechos y acciones del mismo, pero con la condición de que el demandado asumiera, como asumió, el pago de todas las obligaciones de dicho negocio," siendo una de esas obligaciones, expresamente consignada en la aludida escritura de venta, el pago de la partida de $5,194.40 a favor del demandante, lo cual el demandado se ha negado y se niega a hacer.

En la referida escritura, otorgada en el idioma inglés, luego de la comparecencia de las partes y de hacerse constar que el vendedor Paul A. Boulon hasta aquel entonces había estado haciendo negocios bajo el nombre de Refrigeration Supply Co. y que es el dueño verdadero y legal de toda la mercancía, etc. utilizada en el negocio de refrigeración por él explotado, se dice en su cláusula segunda que al finalizar el 31 de mayo del corriente año (1938) el activo (*assets*) y pasivo (*liabilities*) del negocio eran los que allí se hacían figurar. Asimismo se expresa en la cláusula cuarta de la escritura que la venta comprenderá toda la propiedad descrita, así como todo el activo (*assets*) del negocio incluyendo todos los derechos, licencias, anexos, privilegios, sistemas, fórmulas y "*good will*" incidentales al mismo; en la cláusula quinta que la venta y traspaso se efectúan en consideración a la suma de $10,000, que deberá ser pagada por el comprador en la siguiente forma: $3,000 que el vendedor ha recibido del comprador en pagarés de distintas personas, ascendentes a $4,056.95, cantidad esta última de la cual rete-

nía el vendedor $1,056.95 con el propósito de pagar ciertas obligaciones del negocio y los $600 a que ascendían los plazos mensuales de $50 que como compensación adicional el comprador se obligaba a pagar a favor del vendedor, y obligándose el comprador a pagar los $7,000 restantes en la forma y en las fechas que se especifican en dicha cláusula. En la octava se dice literalmente lo siguiente: *"The buyer hereby agrees and undertakes to pay all the existing liabilities of the business in connection with the same."*[1]

A la demanda así radicada presentó el demandado una moción para desestimar por falta de hechos para determinar una causa de acción. Oídas las partes, el tribunal inferior declaró con lugar dicha moción y concedió al demandante un término de diez días para enmendar su demanda. Solicitado por el demandante en extensa moción que se reconsiderara la resolución así dictada y después de oír una vez más a las partes, el tribunal en una razonada y amplia resolución se ratificó en su criterio, declaró sin lugar la reconsideración pedida y concedió una vez más un término de diez días al demandante para enmendar su demanda, si ello le fuere posible. Éste radicó poco después sendas mociones en que hacía constar que optaba por no presentar demanda enmendada por entender que su demanda original aducía hechos constitutivos de causa de acción, y solicitaba se dictara sentencia en su contra. Así lo hizo el tribunal a quo, desestimando en su virtud la demanda, y condenando al demandante al pago de las costas, más $250 por concepto de honorarios de abogado. Apeló el demandante y en apoyo de su recurso sostiene que el tribunal inferior erró al resolver que la demanda no aduce hechos suficientes para establecer una causa de acción a favor del demandante y en contra del demandado, así como al condenarle al pago de la suma de $250 por concepto de honorarios de abogado.

---

[1] Hemos preferido copiar la cláusula octava de la escritura en el idioma inglés. Una traducción de ésta al castellano se lee como sigue: "El comprador por la presente se compromete y obliga a pagar todas las obligaciones existentes (*existing liabilities*) del negocio en relación con el mismo."

■■ Una moción para desestimar como la presentada en este caso bajo la Regla 12b(6) de las de Enjuiciamiento Civil,(2) fundada en que la demanda en los términos que está concebida no aduce hechos determinantes de una causa de acción, desempeña las mismas funciones que la excepción previa autorizada por el artículo 105, inciso 6, del Código de Enjuiciamiento Civil y admite la veracidad de las alegaciones pertinentes de la demanda. *De la Cruz* v. *Gobierno de la Capital,* 68 D.P.R. 534, 547; *Suárez* v. *Pereira,* 66 D.P.R. 236, 237; 2 Moore's *Federal Practice,* 2da. ed., sec. 12.08, pág. 2244.

En el párrafo cuarto de la demanda, conforme ya hemos indicado, se alega que una de las obligaciones del negocio asumida por el demandado bajo el referido contrato, y que aparece expresamente consignada en la escritura de venta, lo fué una partida de $5,194.40 a favor del demandante y que el demandado se ha negado y se niega a pagar dicha suma. En la escritura de compraventa acompañada a la demanda, se hacen constar en su cláusula segunda, como ya hemos indicado, cuáles son los *"assets"* y cuáles los *"liabilities"* del negocio objeto de la compraventa entre las partes, figurando entre estos últimos *liabilities* la siguiente partida: "P. A. Boulon—Personal—$5,194.40." Más tarde se dice en la cláusula octava del contrato de compraventa, según igualmente hemos dicho, que "El comprador por la presente se compromete y obliga a pagar todas las obligaciones existentes (*all the existing liabilities*) del negocio en relación con el mismo."

Innegable es que no existe obligación cuando una persona es acreedora y deudora de sí misma. De surgir tal situación la obligación queda extinguida. Artículo 1146 del Código Civil, ed. 1930. Decimos eso porque tanto de la demanda como de la escritura se desprende que P. A. Boulon y Refri-

---

(2)La Regla 12b(6) provee en lo pertinente que: ". . . . las siguientes defensas a opción del que alega pueden hacerse mediante moción: . . . .(6) dejar de exponer hechos constitutivos de una causa de acción."

geration Supply Co. son la misma cosa. Esa aseveración resulta en derecho clara por de más. Sin embargo, cuando una persona natural hace negocios bajo un nombre distinto a su verdadero nombre, o cuando se dedica a distintos negocios bajo diversos nombres, en contabilidad a veces se llevan a los libros de ese negocio, que tiene un nombre comercial distinto o a los de esos negocios independientes, asientos que reflejan el estado de la contabilidad de los mismos tanto con extraños como con la persona que resulta ser dueña de tales negocios. Eso quizás pueda explicar por qué haciendo Boulon negocios bajo el nombre comercial de Refrigeration Supply Co. figuraba en el pasivo del estado económico de esta última bajo el epígrafe de *"liabilities"* una partida de $5,194.40 a favor de "P. A. Boulon—Personal." Es posible que ésa fuera una deuda del negocio como tal a favor de la persona natural de P.A. Boulon. En contabilidad nada hay, repetimos, de anormal en tal asiento. Si esa cantidad de $5,194.40 figuraba en el estado económico del negocio como un *"liability"* del mismo y en el contrato de compraventa el comprador se obligó a pagar todos los *"liabilities"* del negocio, es posible asimismo que esa partida fuera uno de los *"liabilities"* que las partes tuvieron en mente el comprador asumía bajo los términos del contrato. Las partes contratantes pueden establecer los pactos, cláusulas y condiciones que tengan por conveniente, siempre que no sean contrarios a las leyes, a la moral ni al orden público. Artículo 1207 del Código Civil, ed. 1930. Tomando en conjunto la alegación cuarta de la demanda y los términos de la escritura, especialmente sus cláusulas segunda y octava, la situación no resulta tan palmaria que sin oírse el caso en su fondo deba declararse con lugar una moción para desestimar la demanda por falta de hechos. Al decir esto tenemos presente, desde luego, que una moción para desestimar admite los hechos bien alegados de la demanda, mas no así la interpretación que en la demanda se da a un documento escrito, y que el efecto legal de un escrito acompañado a la demanda como *ex-*

*hibit* ha de ser determinado por sus propios términos y por las circunstancias que rodean el caso más bien que por las alegaciones de la demanda. *Interstate Land Co.* v. *Maxwell Land Co.*, 139 U.S. 569; *Equitable Life* v. *Brown*, 213 U.S. 25, 43; *Zeligson* v. *Hartman-Blair, Inc.*, 126 F.2d 595.

██ Según el tratadista Moore en su obra, tomo, sección y página citados "Una demanda puede ser desestimada mediante moción a ese efecto si claramente carece de méritos. La carencia de méritos puede consistir en la no existencia de una ley que sostenga una reclamación como la que se ha hecho, en la ausencia de hechos suficientes para que la reclamación sea válida, o en la alegación de algún hecho que necesariamente destruya la reclamación. Mas una demanda no debe ser desestimada por insuficiencia, a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación." Por otra parte, según dijo la Corte de Circuito de Apelación para el Cuarto Circuito en *Tahir Erk* v. *Glenn L. Martin Co.*, 116 F.2d 865, 4 Fed. Rules Serv. 12b.34, caso 1, pág. 143, ". . . . al resolver sobre la validez de una moción para desestimar por falta de hechos, el deber de la corte no es determinar los méritos finales de la reclamación con el propósito de decidir cuál de las partes debe prevalecer. Su deber más bien es considerar si a la luz de la situación más favorable al demandante y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida." Véanse también *Cohen* v. *United States*, 129 F.2d 733, 6 Fed. Rules Serv., caso 1, pág. 112 y *Leimer* v. *State Mutual Life Assurance Co.*, 108 F.2d 302, 2 Fed. Rules Serv., pág. 86; cf. *National City Bank* v. *De la Torre*, 49 D.P.R. 562, y *Rossy* v. *Del Valle,* 45 D.P.R. 599.

Creemos en verdad que aceptando los hechos alegados en la demanda, tal cual los mismos han sido complementados por la escritura que se acompaña a ella, en su parte más favo-

rable al demandante, no puede decirse con toda certeza que la demanda no aduce una causa de acción. Nos parece lo más justo que declaremos sin lugar la moción para desestimar y que devolvamos la causa al tribunal inferior para que luego de haber tenido las partes oportunidad de ser oídas y de explicar el alcance de la escritura por ellas otorgada, éste determine cuál fué el verdadero contrato celebrado.

No estamos en forma alguna prejuzgando el resultado del litigio. Solamente resolvemos que no siendo del todo claro que la demanda no aduzca una causa de acción, debe darse oportunidad a las partes para que expliquen el verdadero alcance del contrato.

Dada la conclusión anterior, se hace innecesario discutir el segundo error señalado, relacionado con la condena en honorarios de abogado.

*Debe revocarse la sentencia apelada, declararse sin lugar la moción para desestimar y devolverse la causa al tribunal inferior para ulteriores procedimientos.*