PAUL A. BOULON ET AL., demandantes y apelantes, *v.* TEODORICO PÉREZ MERI, demandado y apelado.

Número 11361.

*Sometido:* 2 de abril de 1956. *Resuelto:* 30 de abril de 1956.

*Brown, Newsom & Córdova* y *Juan Díaz de Aldrey,* abogados de los apelantes; *Fernando Fornaris, Jr.,* y *Jorge Ruiz Rivera,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Paul A. Boulon era dueño de un negocio de refrigeración que operaba bajo el nombre comercial de Refrigeration Supply Co. Por escritura pública otorgada en el idioma inglés ante el notario Sergio G. Gelpí en 9 de junio de 1938, Boulon y su esposa Erva Hartwell vendieron a Teodorico Pérez Meri el susodicho negocio. En la indicada escritura se hizo constar que Boulon había estado haciendo negocios bajo el nombre de Refrigeration Supply Co. y que es el dueño verdadero de toda mercancía, etc. utilizada en el negocio de refrigeración por él explotado. En la cláusula segunda se dice que al finalizar el 31 de mayo del corriente año (1938) el activo (*assets*) y pasivo (*liabilities*) del negocio eran los que allí se hacían figurar. Bajo el pasivo (*liabilities*) figura la siguiente partida: "P. A. Boulon–Personal–$5,194.40." En la cláusula cuarta se expresa que la venta comprenderá toda la propiedad descrita, así como todo el activo (*assets*) del negocio incluyendo todos los derechos, licencias, anexos, privilegios, sistemas, fórmulas y "good will" incidentales al mismo; en la cláusula quinta que la venta y traspaso se efectuaron en consideración a la suma de $10,000, que deberá ser pagada por el comprador en la siguiente forma: $3,000 que el vendedor ha recibido del comprador en pagarés de distintas personas, ascendentes a $4,056.95, cantidad esta última de la cual retenía el vendedor $1,056.95 con el propósito de pagar ciertas obligaciones del negocio y los $600 a que ascendían los plazos mensuales de $50 que como compensación adicional el comprador se obligaba a pagar a favor del vendedor, y obligándose el comprador a pagar los $7,000 restantes en la forma y en las fechas que se especifican en dicha cláusula. En la octava se dice literalmente: "The buyer hereby agrees and

undertakes to pay all the existing liabilities of the business in connection with the same." ([1])

El comprador pagó el precio de venta en la forma convenida. En 1948, el vendedor Paul A. Boulon, quien ya había sido declarado judicialmente incapaz, interpuso demanda, representado por su tutor, contra el comprador Pérez Meri, en cobro de la partida "P. A. Boulon–Personal–$5,194.40" que figuraba bajo los *"liabilities"*. Acompañó a la demanda copia del contrato de compraventa. Al resolver una moción para desestimar el tribunal a quo dictó sentencia desestimando la demanda fundándose en que la misma no exponía hechos suficientes constitutivos de una causa de acción. Revocamos esa sentencia y devolvimos el caso al tribunal de origen para ulteriores procedimientos. *Boulon* v. *Pérez*, 70 D.P.R. 988.

Luego de contestarse la demanda y de celebrarse un juicio en los méritos el tribunal a quo dictó sentencia desestimando la demanda con las costas. ([2]) Contra esa sentencia se ha interpuesto el presente recurso de apelación. ([3])

■■■■■ La cuestión fundamental a resolver en este recurso es si el demandado-apelado Pérez Meri se obligó a pagar a Paul A. Boulon, en adición al precio de venta, la partida de $5,194.40 ya mencionada que figuraba bajo el pasivo (*liabilities*) en el estado económico del negocio de Boulon.

Al revocar la sentencia que desestimó la demanda por no aducir ésta una causa de acción dijimos que no existe obligación *cuando una persona es acreedora y deudora de sí misma;*

---

([1]) Traducida al castellano, dice:

"El comprador por la presente se compromete y obliga a pagar todas las obligaciones existentes (*existing liabilities*) del negocio en relación con el mismo."

([2]) En una conferencia con antelación al juicio, la demanda fué enmendada con permiso del tribunal para incluir como parte demandante a Erva Hartwell, esposa que fué de Boulon hasta mayo de 1941 cuando el vínculo matrimonial existente entre ellos quedó disuelto por sentencia de divorcio.

([3]) Estando el caso pendiente de decisión en el tribunal a quo falleció el demandante Paul A. Boulon, habiendo sido sustituído por sus legítimos herederos John F. Boulon, Ralph H. Boulon, Paul A. Boulon, Jr., Erva Claire Boulon de Denham y Erva Hartwell, quienes son los aquí apelantes.

que tanto de la demanda como de la escritura de compraventa se desprende que P. A. Boulon y Refrigeration Supply Co. son la misma cosa; que en contabilidad nada había de anormal en un asiento como el que figuraba en el estado económico de Refrigeration Supply Co. bajo el epígrafe *"liabilities"* "Paul A. Boulon–Personal–$5,194.40"; que era posible que ésta fuera una deuda del negocio a favor de la persona natural de P. A. Boulon y que si la referida cantidad figuraba en el estado económico del negocio como un *"liability"* del mismo y en el contrato de compraventa el comprador se obligó a pagar todos los *"liabilities"* del negocio, era posible asimismo que esa partida fuera uno de los *"liabilities"* que las partes tuvieron en mente el comprador asumía bajo los términos del contrato. A base de éste y otros razonamientos resolvimos que no podía decirse con toda certeza que la demanda no adujera una causa de acción y devolvimos el caso para que las partes tuvieran oportunidad de explicar el verdadero alcance del contrato. 70 D.P.R. 988. Esto requería la presentación de prueba a ese efecto.

En el tribunal a quo el demandante limitó su prueba a (1) copia certificada de la escritura de compraventa otorgada ante el notario Sergio G. Gelpí; y (2) una estipulación de las partes al efecto de "Que la partida de Cinco Mil Ciento Noventa y Cuatro Dólares con Cuarenta Centavos ($5,194.40) objeto de la reclamación en este caso, que aparece consignada en el estado financiero del treinta y uno de mayo de mil novecientos treinta y ocho, copiado en el contrato del nueve de junio de mil novecientos treinta y ocho, procede de y resulta ser el saldo de sumas que, periódicamente cargó el demandante, señor Paul A. Boulon, en los libros de su negocio propio (Refrigeration Supply Company), por concepto de compensación por servicios profesionales prestados por él a su dicho negocio desde que comenzó, alrededor del treinta de noviembre de mil novecientos treinta y dos, hasta el treinta y uno de mayo de mil novecientos treinta y ocho."

Establecido así el concepto de la partida que origina este litigio, siempre resulta que el acreedor y el deudor son la misma persona y que en puro derecho nunca existió dicha partida como una obligación. A pesar de ello, ¿convinieron las partes que el comprador pagaría la misma al vendedor? Con prueba testifical, el testimonio del notario Gelpí y el suyo propio, el demandado trató infructuosamente, debido a la oposición de los demandantes, de explicar cuales eran las deudas (*liabilities*) que el comprador había asumido. El argumento de los demandantes era (1) que el documento de compraventa era (contrario a lo que este Tribunal había ya indicado) claro y libre de ambigüedad, y (2) que se ponía a los demandantes en desventaja porque mientras el demandado podía dar una explicación que le favoreciera, Paul A. Boulon no podía hacerlo por encontrarse incapacitado. Olvidaron sin embargo, que Erva Hartwell, esposa que fué de Boulon, es una parte firmante del contrato a la vez que uno de los demandantes y ella no estaba incapacitada como Boulon. De todos modos, no podemos convenir con los demandantes-apelantes en que el contrato es tan claro como ellos sostienen. Considerando la prueba presentada en el caso nos inclinamos a convenir con el tribunal sentenciador en que el comprador no asumió el pago de la suma que se le reclama. Veamos. Es inexplicable que si el comprador asumía el pago de los $5,194.40 que figuraba en el pasivo del negocio como un crédito a favor del vendedor, no se dispusiera en el contrato de compraventa la forma y condiciones de su pago tal y como se hizo con el precio de venta porque después de todo y en último análisis, Pérez Meri lo que iba a pagar a Boulon por la compra del negocio de éste eran $15,194.40 y no los $10,000 que figuraron como precio de venta. Transcurrieron varios años antes de que se le reclamara al comprador Pérez Meri el pago de la suma de $15,194.40, circunstancia ésta que unida a otras que pasamos a exponer, fortalecen la teoría del demandado. Veamos cuales son esas otras circunstancias. Por sentencia de la antigua Corte de Distrito de San Juan de 9

de mayo de 1941, quedó disuelto el vínculo matrimonial existente entre Paul A. Boulon y Erva Hartwell. En enero 3 de 1942, ésta interpuso demanda contra su ex-esposo sobre liquidación de gananciales y cobro de dinero. Uno de los abogados de la demandante en ese pleito era el Lic. Sergio G. Gelpí, el notario ante quien Boulon y Pérez Meri otorgaron el contrato de compraventa. La demanda está jurada por la señora Hartwell y en la misma se describen los bienes gananciales, entre los que no figura la partida que aquí se reclama aunque sí se menciona el contrato de venta de Refrigeration Supply Co., alegándose por información y creencia "que ha recibido ya el demandado [Paul A. Boulon] de manos del referido comprador Sr. Teodorico Pérez Meri, la suma de $7,500 quedando pendiente de pago la suma de $2,500 correspondiente al último plazo que vencerá en junio 1º de 1942." En dicho caso se dictó sentencia en rebeldía, que luego fué dejada sin efecto, y en ejecución de la misma se embargaron los bienes del allí demandado Boulon, incluyendo la deuda de Pérez Meri de $2,500. Allá para febrero de 1947, las partes en dicho pleito otorgaron, con aprobación de la corte, una escritura de partición de bienes gananciales en la que se incluyó como un bien ganancial la indicada suma de $2,500 que Pérez Meri adeudaba a Boulon; pero no se incluyó como bienes gananciales, la partida de $5,194.40 que se reclama en el presente litigio.

Es muy significativo que habiendo intervenido en aquel pleito y en la escritura de liquidación de sociedad de gananciales como abogado de una de las partes, el Lic. Sergio G. Gelpí, quien fué precisamente el notario ante quien se otorgó el contrato de compraventa de Refrigeration Supply Co., no se mencionara ni se considerara la partida P. A. Boulon, Personal–$5,194.40, como un bien perteneciente a Boulon y su esposa.

Existe en este caso un cúmulo de circunstancias que apreciadas en conjunto nos convencen de que la reclamación de los demandantes es infundada. No cometió error el tribunal

a quo al así resolverlo.  *Cf. Biaggi* v. *Sucn. Esbri,* 71 D.P.R. 450.  Aunque algunos de los fundamentos de su sentencia sean erróneos, ello no daría base a una revocación ya que la apelación se da contra la sentencia y no contra sus fundamentos.  *Castro* v. *Autoridad de Transporte,* 72 D.P.R. 465; *Sucn. Muñoz* v. *Cepeda,* 72 D.P.R. 593.

*Por los motivos expuestos, se confirma la sentencia apelada.*