Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| SUCESIÓN DE NILDA MILAGROS SANTIAGO CARRIÓN Y OTROS<br><br>Apelante<br><br>v.<br><br>ROXANNE SIFONTES SMITH Y OTROS<br><br>Apelados | KLAN202301078 | *Apelación* Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Civil Núm.: SJ2023CV03437 (Sala 906)<br><br>SOBRE:<br><br>División o Liquidación de Comunidad de Bienes Hereditarios |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres y la Jueza Rivera Pérez.

Rivera Pérez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de enero de 2024.

Comparece la Sucesión de Nilda Milagros Santiago Carrión (en adelante, Sucesión Santiago Carrión o parte demandante-apelante) mediante el presente recurso de *Apelación,* y nos solicita que revoquemos la *Sentencia* dictada el 24 de octubre de 2023 y notificada el 25 de octubre de 2023 por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante el TPI).[1] Mediante dicha Sentencia, el TPI declaró Ha Lugar la *Moción de Desestimación* Presentada por la Sra. Sifontes Smith, parte demandada-apelada el 25 de mayo de 2023 y, en consecuencia, se desestimó la demanda sobre partición de herencia y solicitud de sentencia declaratoria

---
[1] Apéndice I de la *Apelación,* págs. 1-9.

Número Identificador

SEN2024_____

presentada por la parte demandante-apelante por falta de legitimación activa.[2]

Por los fundamentos que expondremos, se confirma la *Sentencia* apelada.

**I.**

El 24 de abril de 2023, el Sr. Waldemar Ventura Rodríguez Santiago en representación de la Sucesión de la Sra. Nilda Milagros Santiago Carrión compuesta por el Sr. Waldemar Ventura Rodríguez Santiago[3], el Sr. Roberto Rodríguez Santiago y el Sr. Rafael Iván Rodríguez Santiago presentó una *Demanda y Sentencia Declaratoria* sobre partición de herencia y solicitud de sentencia declaratoria contra la Sra. Roxanne Sifontes Smith (en adelante, Sra. Sifontes Smith), el Sr. Miguel Esteban Abreu García (en adelante, Sr. Abreu García), y la Sucesión del Sr. Ricardo Fernando Rodríguez Santiago compuesta por la Sra. Marissa Rodríguez Meyer, el Sr. Francisco Rodríguez Heyliger y el Sr. Ricardo Rodríguez Sifontes.[4]

En la demanda, la parte demandante-apelante, solicitó la partición de la herencia de la Sra. Nilda Milagros Santiago Carrión; la anulación y cancelación de ciertos contratos de compraventa entre el fenecido Sr. Ricardo Fernando Rodríguez Santiago y la Sra. Sifontes Smith por el fundamento de dolo, engaño y fraude; y que se ordenara al Sr. Ricardo Rodríguez Sifontes someterse a una prueba de paternidad.[5] La parte demandante-apelante alegó que procedía la cancelación y anulación de dichos contratos pues el fenecido Sr. Ricardo Fernando Rodríguez Santiago había sido inducido a dolo por la Sra. Sifontes Smith al otorgarlos.[6] Además, alegaron que el Sr. Ricardo Rodríguez Sifontes debía someterse a unas pruebas de

---

[2] *Íd.*
[3] Presunto Albacea Testamentario. Véase nota al calce 1 y Apéndice IV de la *Apelación,* págs. 38-64.
[4] Apéndice IV de la *Apelación,* págs. 38-64.
[5] *Íd.* Dicha prueba era para corroborar la filiación entre el Sr. Rodríguez Sifontes y el fenecido Sr. Rodríguez Santiago.
[6] *Íd.*

laboratorio de paternidad en conjunto a la Sra. Sifontes Smith y el Sr. Abreu García pues entendían que existía una inexactitud en la filiación del Sr. Ricardo Rodríguez Sifontes y la del fenecido Sr. Ricardo Fernando Rodríguez Santiago lo cual podría afectar la partición de la herencia de la Sra. Nilda Milagros Santiago Carrión.[7]

Luego de algunos incidentes procesales, el 25 de mayo de 2023, la demandada-apelada, Sra. Sifontes Smith, presentó una *Moción de Desestimación* al amparo de la Regla 10.2 (5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2(5), a la cual se le unieron el Sr. Abreu García, Sr. Ricardo Rodríguez Sifontes y el Sr. Francisco Rodríguez Heyliger mediante sus respectivas mociones presentadas el 30 de mayo de 2023; 16 de junio de 2023 y 5 de julio de 2023, respectivamente.[8] Como parte de los remedios que fueron solicitados, la parte demandada-apelada solicitó que se desestimara con perjuicio la demanda presentada debido a que se alegó, en lo pertinente, que la parte demandante-apelante carecía de legitimación activa tanto para solicitar la anulación y cancelación de ciertos contratos de compraventa entre el fenecido Sr. Ricardo Fernando Rodríguez Santiago y la Sra. Sifontes Smith, así como para solicitar que se ordenara al Sr. Ricardo Rodríguez Sifontes someterse a una prueba de paternidad.[9]

El 28 de agosto de 2023, la parte demandante-apelante presentó ante el TPI una *Oposición a Moción de Desestimación y Otros Extremos* en la cual se opuso a los remedios solicitados por la parte demandada-apelada al entender, entre otras cosas, que si poseían legitimación activa tanto para solicitar la anulación y cancelación de los contrato y para la aclaración de la filiación del Sr.

---

[7] *Íd.*

[8] Apéndice V de la *Apelación,* págs. 65-91. Véase además Apéndices VI, X y XIII de la *Apelación,* págs. 92-95, 124-127 y 162-163.

[9] *Íd.*

Ricardo Rodríguez Sifontes, pues era necesario para distribuir la herencia y dar por terminada las comunidades hereditarias.[10]

Posterior a la celebración de una *Vista Urgente* el 20 de octubre de 2023, el TPI dictó *Sentencia* el 24 de octubre de 2023, notificada el 25 de octubre de 2023, en la cual se declaró HA LUGAR la *Moción de Desestimación* presentada por la parte demandada-apelada, la Sra. Sifontes Smith, y desestimó la *Demanda y Sentencia Declaratoria*.[11] El foro primario entendió que:

> "Ante la falta de presentación del correspondiente *Testamento*, inventario, valoración, y *Certificaciones*, así como la controversia reclamada por el demandante en torno a la institución de herederos, la *Demanda* presentada por el Sr. Waldemar Ventura Rodríguez Santiago, ya sea en su carácter de Albacea Testamentario de la Sucesión NMSC, o en su carácter personal, **no está madura** para poderla atender tal y cual fue presentada."[12] (Énfasis en el original).

Respecto a la legitimación activa por parte de la parte demandante-apelante para impugnar la inexactitud de filiación, el TPI expresó lo siguiente:

> "De entrada, y ante la naturaleza de los reclamos y causas de acción presentadas por el Sr. Waldemar Ventura Rodríguez Santiago en su *Demanda* (SUMAC 1), nos vemos obligados a particularizar que este no es heredero de la Sucesión RFRS; y tampoco reclama ser el padre biológico, por vínculo genético y/o intencional del codemandado Ricardo Fernando Rodríguez Sifontes. Ante tal incontrovertible realidad, el demandante no es una de las personas a quienes los Artículos 573 y 574 del Código Civil 2020, 31 L.P.R.A. §§ 7127 y 7128, confieren legitimación para impugnar la paternidad.
>
> Sobre dicha solicitud, resulta necesario aclarar que existe una presunción de corrección – **que no ha sido rebatida por ninguna de las personas a las que el Código Civil confiere legitimidad para ello** – en torno a: 1) las constancias del Registro Demográfico; 2) el *Certificado de Nacimiento* que allí consta inscrito; y 3) la *Resolución* sobre *Declaratoria de Herederos* emitida en el caso SJ2022CV09518. Por el contrario, fue precisamente uno de los coherederos de la Sucesión RFRS quien peticionó la correspondiente *Declaratoria de Herederos*; y fue quien identificó al codemandado Ricardo Fernando Rodríguez Sifontes como parte de la Sucesión RFRS. Además, **ninguno de los coherederos**

---

[10] Véase nota al calce 1.
[11] Apéndice I de la *Apéndice,* págs. 1-9.
[12] *Íd.* en la pág.7.

de la referida Sucesión RFRS ha impugnado dicha paternidad; ni ha solicitado la partición, división y/o liquidación de dicha comunidad hereditaria."[13] (Énfasis en el original).

Añadió, además, respecto a la anulación y cancelación de los contratos celebrados por la parte demanda-apelada, Sra. Sra. Sifontes Smith, y el fenecido Sr. Ricardo Fernando Rodríguez Santiago, lo siguiente:

"En torno a la solicitud presentada por el demandante - sin establecer si lo hace en calidad de Albacea Testamentario de la Sucesión NMSC, o en su carácter personal - para que este Tribunal ordene la anulación de las *Escrituras de Compraventa* de la propiedad de Miramar, debemos destacar que, conforme fuera aclarado por la representación legal del demandante durante la *Vista Urgente* celebrada el 20 de octubre de 2023, **la propiedad de Miramar nunca ha formado parte del caudal hereditario de la Sucesión NMSC**. De igual manera se aclaró que, en su carácter personal, **el demandante nunca ha tenido un interés propietario sobre la referida propiedad**. Por tal razón, el demandante – ya sea en carácter de Albacea Testamentario de la Sucesión NMSC, o en su carácter personal, carece de legitimación para solicitar que se anulen las referidas *Escrituras de Compraventa*. Sobre dicho asunto, y aun cuando el demandante alega que solicita dicha anulación "en beneficio y mejor interés de la Sucesión RFRS" este omite considerar que, de anularse las referidas *Escrituras de Compraventa*, la propiedad de Miramar podría revertir – no a la Sucesión RFRS – sino a los vendedores originales.

[…]

Sin tener fundamento legal alguno que apoye sus reclamos, y *so color* de que es el Albacea Testamentario de una Sucesión que **no tiene – y nunca ha tenido - relación alguna con la propiedad de Miramar**, el demandante ha insistido en mantener vivas unas **causas de acción bien específicas** que nunca debió presentar por falta de legitimación; no solo en contra de **sus propios familiares así reconocidos legalmente**, sino en contra de terceras personas. Mediante su conducta, este ha obligado a las partes codemandadas a asumir innecesariamente las molestias, gastos e inconvenientes de tramitar y defenderse de un pleito que nunca se debió presentar."[14] (énfasis en el original).

El 26 de octubre de 2023, la parte demandante-apelante presentó una *Moción de Reconsideración, Regla 47 de Procedimiento*

---

[13] *Íd.* en la pág.6.
[14] *Íd.* en las págs.6-7.

*Civil y Solicitud de Determinaciones Iniciales de Hechos y Conclusiones Iniciales de Derecho, Regla 43 de Procedimiento Civil,* la cual fue declarada No Ha Lugar por el TPI mediante la *Resolución* emitida y notificada el 7 de noviembre de 2023.[15]

Inconforme con la determinación del TPI, el 1 de diciembre de 2023, la Sucesión de la Sra. Nilda Milagros Santiago, acudió ante nos mediante el presente recurso de *Apelación.* En su escrito señala la comisión de los siguientes errores:

> **Primer Error:** Erró manifiestamente el TPI al desestimar la Demanda bajo el fundamento equivocado que los demandantes no tienen legitimación activa y que las múltiples causas de acciones expuestas en la Demanda no son justificables sin exponer determinaciones de hechos y conclusiones de derecho en violación al debido proceso de ley y al derecho de los Demandantes a tener su día en corte en virtud de la Constitución de Puerto Rico y lo resuelto pen Sánchez Rodríguez v. Administración de Corrección, 177 DPR 714, 721 (2009).

> **Segundo Error:** Erró el TPI en su Resolución post-Sentencia al interpretar Ex-Parte la prueba de referencia de ADN rápida por correo (Caseras), entre personas sin identificación adecuada que se llevó a cabo por los Demandados-Apelados Post-Sentencia a pesar que se opusieron a la solicitud de orden de ADN para obtener la mala Sentencia apelada, en violación al derecho constitucional del Demandante del debido proceso de Ley a ejercer  la causa de acción de Divisiones de Herencias y en violación a la Regla de Exclusión de Prueba de Referencia que dispone la Regla 804 de Evidencia, 2009 y tampoco est[á] dentro de la excepciones de la Regla 805 de las Reglas de Evidencia.

El 4 de enero de 2024, la Sra. Sifontes Smith y Sr. Ricardo Rodríguez Sifontes, parte demanda-apelada, presentaron su *Alegato de la Parte Apelada Roxanne Sifontes Smith y Ricardo Rodríguez Sifontes.*

Contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

---

[15] Apéndice II de la *Apelación,* págs. 10-32. Véase además Apéndice III de la *Apelación,* págs. 33-37.

**II.**

**A.**

Es principio reconocido en nuestro ordenamiento que los tribunales solo pueden ejercer su función judicial ante la existencia de un caso o controversia real. *Amadeo Ocasio et. al. v. Gobernador et. al.*, 2023 TSPR 17, 212 DPR 278 (2023); *Hernández, Santa v. Srio. de Hacienda*, 208 DPR 727, 738 (2022); *Ramos, Méndez v. García García*, 203 DPR 379, 393-394 (2019). Este principio de Derecho exige que los pleitos que se presenten ante los tribunales sean justiciables.

En varias ocasiones se ha reafirmado que uno de los requisitos de justiciabilidad necesarios para dar paso al ejercicio de la función judicial es el que los litigantes ostenten **legitimación activa**. *Lozada Sánchez et. al. v. JCA*, 184 DPR 898 (2012); *Fund. Surfrider y otros v. A.R.Pe.*, 178 DPR 563, (2010); *Crespo Rivera v. Cintrón Rivera*, 159 DPR 290, (2003). La legitimación activa se ha definido como "la capacidad que se le requiere a la parte promovente de una acción para comparecer como litigante ante el tribunal, realizar con eficiencia actos procesales y, de esta forma, obtener una sentencia vinculante". *Ramos, Méndez v. García García*, supra, pág. 394. Este requisito permite a los tribunales asegurarse que las partes que promueven un pleito tienen un interés genuino en la resolución de la controversia. A su vez, ello garantiza que las partes defenderán sus posturas de forma vigorosa y todos los asuntos pertinentes serán colocados ante la consideración del tribunal. *Sánchez et al. v. Srio. de Justicia et al.,* 157 DPR 360, 371 (2002).

Para cumplir con el requisito de *legitimación activa*, una parte debe demostrar que "(1) ha sufrido un daño claro y palpable; (2) el daño es real, inmediato y preciso, y no abstracto e hipotético; (3) existe una relación causal razonable entre la acción que se ejercita y el daño alegado, y (4) la causa de acción debe surgir al

amparo de la Constitución o de alguna ley". *Amadeo Ocasio et. al. v. Gobernador et. al.*, supra; *Hernández, Santa v. Srio. de Hacienda*, supra; *Fund. Surfrider y otros v. A.R.Pe.*, supra, pág. 572.

En específico la Regla 15.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 15.1, dispone al respecto que:

> **"Todo pleito se tramitará a nombre de la persona que por ley tenga el derecho que se reclama, pero una persona autorizada por ley podrá demandar sin el concurso de aquella para cuyo beneficio se hace la reclamación**; y cuando por ley así se disponga, podrá presentarse una reclamación a nombre del Estado Libre Asociado de Puerto Rico para beneficio de otra persona. **No se desestimará un pleito por razón de no haberse tramitado a nombre de la persona que por ley tiene el derecho que se reclama hasta que, luego de levantarse la objeción, se haya concedido un tiempo razonable para que la persona con derecho ratifique la presentación del pleito, o se una al mismo, o se sustituya en lugar de la parte promovente y tal ratificación, unión o substitución tendrá el mismo efecto que si el pleito se hubiese incoado por la persona con derecho."** (Énfasis suplido.)

En estos casos, en los cuales se cuestiona la legitimación activa, es pertinente la doctrina jurídica de *justiciabilidad* que se emplea para limitar la intervención de los tribunales a aquellos casos en que exista una controversia genuina surgida entre partes opuestas que tengan un interés real en obtener un remedio que afecte sus relaciones jurídicas. *Ramos, Méndez v. García García*, supra. No se consideran controversias justiciables aquellas en que: (1) se procura resolver una cuestión política; (2) una de las partes carece de legitimación activa; (3) hechos posteriores al comienzo del pleito han tornado la controversia en académica; (4) las partes están tratando de obtener una opinión consultiva, o (5) se intenta promover un pleito que no está maduro. *Id.,* pág. 394.

**B.**

El Tribunal Supremo de Puerto Rico ha definido filiación como:

> "[...] condición a la cual una persona atribuye el hecho de tener a otra u otras por progenitores suyos; es un hecho biológico consistente en la procreación de una persona por otras, una inicial realidad biológica recogida y regulada por el ordenamiento jurídico con el fin de distribuir derechos y obligaciones entre los progenitores y los seres procreados por ellos, o dicho de otra manera, entre padres e hijos." (citas omitidas) *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 476 (2019).

No obstante, existen ocasiones donde la realidad biológica no coincide con la realidad jurídica. *Rivera Marrero v. Santiago Martínez, supra.; Sánchez Rivera v. Malavé Rivera*, 192 DPR 854, 863-864 (2015); *Vázquez Vélez v. Caro Moreno*, 182 DPR 803, 809 (2011); *Calo Morales v. Cartagena Calo*,129 DPR 102, 112 (1991). En estos supuestos, nuestro ordenamiento jurídico ha buscado la forma de harmonizar ambas realidades. *Rivera Marrero v. Santiago Martínez, supra.* Nuestro ordenamiento jurídico les brinda a las personas tres acciones judiciales respecto al estado filiatorio de una persona, entre ellas está la acción de impugnación. *Rivera Marrero v. Santiago Martínez, supra.*; *Sánchez Rivera v. Malavé Rivera, supra.* en las págs. 862-863; *Álvareztorre Muñiz v. Sorani Jiménez*, 175 DPR 398, 413–414 (2009); *Sánchez v. Sánchez*, 154 DPR 645, 670 (2001). Mediante la presentación de una acción judicial de impugnación de filiación, se puede negar la filiación establecida tanto por la vía matrimonial como por vía extramatrimonial o de reconocimiento. *Vázquez Vélez v. Caro Moreno*, supra, pág. 812; *Álvareztorre Muñiz v. Sorani Jiménez*, supra, pág. 414.

El Código Civil de 2020, en sus Artículos 573 y 574, 31 LPRA sec.721 y 728, regula quienes son las personas con legitimación activa para impugnar el estatus filiatorio de una persona. En lo pertinente, el Artículo 573 del Código Civil 2020, *supra*, dispone lo siguiente:

"La paternidad presunta puede ser impugnada en una acción principal o en una acción subsidiaria de la acción filiatoria por:

    (a) el **presunto padre**;

    (b) la **madre**;

    (c) el **hijo**, por sí, si es mayor de edad, o por su **representante legal** o **defensor judicial**, si no ha alcanzado su mayoridad o si es incapaz;

    (d) el **padre por vínculo genético**; y

    (e) el **padre intencional o comitente**.

Si el hijo es menor de edad a la fecha en que se incoa la acción, debe nombrársele un defensor judicial para que lo represente en el proceso." (Énfasis suplido).

Mientras que el Artículo 574 del Código Civil 2020, *supra,* establece que:

"**Los herederos de cualquier legitimado para impugnar** la presunción de maternidad o la de paternidad pueden presentar la acción si el hijo nace póstumamente o si, a la fecha del deceso de los progenitores presuntos, no ha transcurrido el plazo para incoarla. También pueden continuar la acción que el causante haya presentado si ha muerto sin haber desistido de ella." (Énfasis suplido).

## C.

El Artículo 1812 del Código Civil de 2020, 31 LPRA sec. 11717, establece la norma respecto a la interpretación de contratos y obligaciones realizados bajo el derogado Código Civil de 1930. Sobre este particular ha establecido que:

"**Los actos y contratos celebrados bajo el régimen de la legislación anterior y que son válidos con arreglo a ella, surten todos sus efectos según la misma, con las limitaciones establecidas en este Código**.
Los actos y contratos celebrados bajo la legislación anterior y que resultan ineficaces bajo dicha legislación, no adquieren validez por el hecho de que este Código disponga algo distinto con relación a su eficacia." (Énfasis Suplido).

Por otro lado, es importante señalar que el Artículo 1254 del Código Civil de 1930, 31 LPRA sec. 3513, se establecía quienes podrían ejercer la acción de nulidad de un contrato. En lo

pertinente, el Artículo 1254 del Código Civil 1930, *supra*, establecía expresamente lo siguiente:

> "**Pueden ejercitar la acción de nulidad de los contratos los obligados principal** o **subsidiariamente en virtud de ellos**. Las personas capaces no podrán, sin embargo, alegar la incapacidad de aquéllos con quienes contrataron; ni los que causaron la intimidación o violencia, o emplearon el dolo o produjeron el error, podrán fundar su acción en estos vicios del contrato."[16] (Énfasis suplido).

Incluso cuando el fundamento para impugnar el contrato es un vicio de consentimiento como lo es el dolo, solo podrá impugnarlo "los obligados principal o subsidiariamente en virtud de ellos". *VELCO v. Industrial Serv. Appparel*, 143 DPR 243, 251-252 (1997), Art. 1254 del Código Civil 1930, *supra*. En caso de querer intervenir un tercero, nuestro Tribunal Supremo ha expresado lo siguiente:

> "De este precepto surge que un tercero que no ha sido obligado, ni principal o subsidiariamente, por un contrato carece de legitimación activa para impugnarlo por razón de dolo. Cabe señalar que lo anterior es cierto sólo en aquellos casos en que el contrato sea anulable; en cambio si el planteamiento es de **nulidad absoluta**, como sería en los casos de una simulación, el tercero estará legitimado para hacer valer la nulidad del contrato, siempre que demuestre que el mismo lesiona o pone en peligro sus intereses. Sólo en estos casos se justifica que no se extienda la limitación del Art. 1254 [*supra*.]." (énfasis en el original). (citas omitidas) *VELCO v. Industrial Serv. Appparel*, supra.

### D.

La moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, *supra*, es aquella que formula el demandado antes de presentar su contestación a la demanda en la cual solicita que se desestime la demanda presentada en su contra. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428-429 (2008); *Colón v. Lotería*, 167 DPR 625, 649 (2006). Dicha Regla dispone, en lo pertinente, lo siguiente:

---

[16] El "Código Civil de Puerto Rico", Edición de 1930, fue derogado y sustituido por la Ley Núm. 55-2020, según emendada, conocida como "Código Civil de Puerto Rico" de 2020, 31 LPRA sec. 5311 et seq. No obstante, los hechos que originan la presente controversia tomaron lugar durante la vigencia del código anterior, por lo cual esta es la ley que aplica al caso.

"Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) Falta de jurisdicción sobre la materia; (2) Falta de jurisdicción sobre la persona; (3) Insuficiencia del emplazamiento; (4) Insuficiencia del diligenciamiento del emplazamiento; (5) Dejar de exponer una reclamación que justifique la concesión de un remedio; (6) Dejar de acumular una parte indispensable."

El Inciso (5) de la precitada Regla establece como fundamento para solicitar la desestimación, que la demanda no expone una reclamación que justifique la concesión de un remedio. En reiteradas ocasiones, se ha señalado que, al resolverse una moción de desestimación por este fundamento, el tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas. *Eagle Sec. Police, Inc. v. Efrón Dorado, S.E.*, 211 DPR 70; *Casillas Carrasquillo v. ELA*, 209 DPR 240 (2022); *Cruz Pérez v. Roldán Rodríguez et al.*, 206 DPR 261 (2021); *Conde Cruz v. Resto Rodríguez, et al.*, 205 DPR 1043, 1065 (2020); *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, supra; *Colón v. Lotería*, supra; *Sánchez v. Aut. de los Puertos*, 153 DPR 559 (2001); *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497 (1994). Además, tales alegaciones deberán interpretarse conjuntamente, liberalmente y de la manera más favorable posible para la parte demandante. *Íd.*; *Dorante v. Wrangler of P.R.*, 145 DPR 408 (1998).

La demanda no deberá desestimarse a menos que se demuestre que el demandante no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar. *Íd.*; *Reyes v. Sucn. Sánchez Soto*, 98 DPR 305, 309 (1970); *Boulon v. Pérez*, 70 DPR 988 (1950). Tampoco procede la desestimación, si la demanda es susceptible de ser enmendada. *Clemente v. Depto. de la Vivienda*, 114 DPR 763 (1983). En resumen, se debe considerar, "si a la luz de la situación más favorable al demandante, y resolviendo toda

duda a favor de éste, la demanda es suficiente para constituir una reclamación válida." *Pressure Vessels P.R. v. Empire Gas P.R.*, supra; *Unisys v. Ramallo Brothers*, 128 DPR 842 (1991).

Al evaluar una moción de desestimación bajo la Regla 10.2 (5) de Procedimiento Civil, *supra*, es necesario determinar si los hechos alegados en la demanda establecen de su faz una reclamación que sea plausible y que, como tal, justifique que el demandante tiene derecho al remedio que busca o, al menos, a parte de este. Si se determina que los hechos alegados "no cumple[n] con el estándar de plausibilidad, el tribunal debe desestimar la demanda". R. Hernández Colón, *Derecho Procesal Civil*, 5ta ed., San Juan, Ed. LexisNexis, 2010, pág. 268. Véase, además, *Bell Atlantic Corp. v. Twombly*, 550 US 544 (2007), y *Ashcroft v. Iqbal*, 556 US 662 (2009). Lo que se busca con el análisis de plausibilidad es el "no permitir que una demanda insuficiente proceda bajo el pretexto de que con el descubrimiento de prueba pueden probarse las alegaciones conclusorias". *Íd.*

Cuando el tribunal se encuentra en posición de resolver mediante sentencia, como norma general, "[...] especificará los hechos probados, consignará separadamente sus conclusiones de derecho y ordenará que se registre la sentencia que corresponda". Regla 42.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2.; *Pérez Vargas v. Office Depot*, 203 DPR 687, 700. No obstante, y como manera de excepción, al resolver una moción bajo la Regla 10.2 de Procedimiento Civil, *supra*, "[n]o será necesario especificar los hechos probados y consignar separadamente las conclusiones de derecho". Regla 42.2 de Procedimiento Civil, *supra*.; *Pérez Vargas v. Office Depot, supra*.

**III.**

En su recurso de *Apelación*, la parte demandante-apelante señala en su primer señalamiento de error, que erró el TPI al

desestimar la Demanda bajo el fundamento de que los demandantes no tenían legitimación activa y que sus múltiples causas de acciones expuestas en la Demanda no eran justificables sin exponer determinaciones de hechos y conclusiones de derecho. No le asiste razón, veamos.

En el dictamen apelado, el TPI concluyó que la parte demandante-apelante carecía de legitimación activa para impugnar los contratos celebrados entre el fenecido Sr. Ricardo Fernando Rodríguez Santiago y la Sra. Sifontes Smith pues el tribunal entendió que "**la propiedad de Miramar <u>nunca</u> ha formado parte del caudal hereditario de la Sucesión NMSC**", siendo esta la propiedad objeto de los contratos, y "**el demandante <u>nunca</u> ha tenido un interés propietario sobre la referida propiedad**". (énfasis en el original). [17] Además, aclaró que la parte demandante-apelante omitió considerar el hecho de que al solicitar la anulación de dichos contratos los bienes no revertirían a la sucesión de su fenecido hermano Sucesión Ricardo Fernando Rodríguez Santiago, a la cual el Sr. Waldemar Ventura Rodríguez Santiago no pertenece, sino a la parte vendedora original.[18] De igual forma, determinó que la parte demandante-apelante carecía de legitimación activa para impugnar la paternidad de el fenecido Sr. Ricardo Fernando Rodríguez Santiago hacia Sr. Ricardo Rodríguez Sifontes, pues el tribunal entendió que "no es heredero de la Sucesión RFRS" y "tampoco reclama ser padre biológico [...]" por tal razón el Sr. Waldemar Ventura Rodríguez Santiago no era parte de las personas a las cuales los Artículos 573 y 574 de Código Civil 2020, *supra,* le confiere legitimación activa para impugnar la paternidad.[19] El TPI añadió, además, que incluso su reclamación de partición de

---

[17] Apéndice I de la *Apelación,* pág. 6.
[18] *Íd.*
[19] *Íd.*

herencia respecto a la Sucesión Santiago Carrión no estaba madura pues la parte demandante-apelante omitieron incluir en su reclamación los documentos necesarios para la misma.[20] A base de estas conclusiones, el TPI expresó:

> "Sin tener fundamento legal alguno que apoye sus reclamos, y *so color* de que es el Albacea Testamentario de una Sucesión que **no tiene – y nunca ha tenido - relación alguna con la propiedad de Miramar**, el demandante ha insistido en mantener vivas unas **causas de acción <u>bien específicas</u>** que nunca debió presentar por falta de legitimación; no solo en contra de **sus propios familiares <u>así reconocidos legalmente</u>**, sino en contra de terceras personas. Mediante su conducta, este ha obligado a las partes codemandadas a asumir innecesariamente las molestias, gastos e inconvenientes de tramitar y defenderse de un pleito que nunca se debió presentar."[21] (énfasis en el original).

En virtud de todo lo concluido, el foro primario determinó que procedía la desestimación de la demanda presentada por el fundamento de que la parte demandante-apelante carecía de legitimación activa para ser reclamante.

Luego de un análisis riguroso de los hechos particulares del presente caso, y de los argumentos presentados por las partes en sus respectivos escritos a la luz del derecho expuesto, determinamos al igual que el foro primario, que la parte demandante-apelante carece de legitimación activa tanto para solicitar la nulidad de los contratos celebrados entre el fenecido Sr. Ricardo Fernando Rodríguez Santiago y la Sra. Sifontes Smith como para impugnar la presunta paternidad del fenecido Sr. Ricardo Fernando Rodríguez Santiago hacia el Sr. Ricardo Rodríguez Sifontes. Respecto a la nulidad de los contratos celebrados es importante recalcar que, la parte demandante-apelante, el Sr. Waldemar Ventura Rodríguez Santiago, no es parte obligada ni principal ni secundariamente en los contratos en los que alega dolo.[22] Incluso, al ser un tercero no

---

[20] *Íd.* en la pág.7.
[21] *Íd.*
[22] Es importante recalcar que el Artículo 1254 del Código Civil de 1930, supra, se aplica a estos hechos pues los contratos de compraventa que se pretendían impugnar fueron celebrados bajo la vigencia del mismo.

obligado no demostró ni siquiera que se trataba de un caso de nulidad absoluta, que es la única excepción a esta regla lo cual confirma el hecho de que no posee legitimación activa para impugnarlo. Respecto a la impugnación de paternidad presunta, la parte demandante-apelante, el Sr. Waldemar Ventura Rodríguez Santiago, no figura como: padre por vinculo biológico, madre, hijo, padre presunto, padre intencional o ser parte de la Sucesión Ricardo Fernando Rodríguez Santiago. Al no ser parte de las personas anteriormente mencionadas, la parte demandante-apelante carece de legitimación activa para impugnar la presunta paternidad del fenecido Sr. Ricardo Fernando Rodríguez Santiago hacia el Sr. Ricardo Rodríguez Sifontes.

Por otra parte, tal y como expuso el TPI en el dictamen apelado, al enfrentarse a una moción de desestimación bajo la Regla 10.2 (5) de Procedimiento Civil, *supra*, el juez o jueza que decida acogerse a dicha moción no viene obligado a formular determinaciones de hechos ni conclusiones de derecho en su sentencia. Esto es posible pues la Regla 42.2 de Procedimiento Civil, *supra,* establece a manera de excepción que, al resolver una moción al amparo de la Regla 10.2 de Procedimiento Civil, *supra,* el tribunal no viene obligado a formular determinaciones de hechos ni conclusiones de derecho, por lo que no tiene méritos el error señalado por la parte demandante-apelante relacionado con este asunto.

De conformidad con lo anteriormente expuesto, en el presente caso, ante la falta de legitimación activa de la parte demandante-apelante, procedía como en efecto lo hizo el foro primario la desestimación de la demanda.

Resuelto lo anterior, entendemos que no es meritorio que atendamos el segundo planteamiento de error.

## IV.

Por los fundamentos antes expuestos se confirma la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones